**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ASHLEY HICKS and KRISTIN RAYMOND,
on behalf of themselves and all other
employees similarly situated,**

                         **Plaintiffs.**
      **v.**                                                 **3:13-CV-642**

**T.L. CANNON MANAGEMENT CORP.,** *et al.*,

                         **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY
Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiffs, Ashley Hicks and Kristin Raymond (collectively, "Plaintiffs"), bring this action on behalf of themselves and all other employees similarly situated for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Minimum Wage Act of the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, against T.L. Cannon Corp., d/b/a Applebee's or Applebee's Bar and Grill, as well as several of its corporate and individual affiliates, and individual owners and officers of the defendant organizations (collectively, "Defendants"). Defendants own and operate fifty-four Applebee's Neighborhood Grill and Bar Restaurants ("Applebee's") located throughout New York State. Plaintiffs claims concern tipped employees who assert that they were paid tipped wages below the minimum wage even though they spent more than

1

20% of their time working on non-tipped job duties.

Presently before the Court is Plaintiffs' motion for reconsideration of the June 4, 2013 Decision and Order of the Hon. Michael A. Telesca, United States District Judge for the Western District of New York, that transferred this action to this Court pursuant to 28 U.S.C. § 1404 (a), or, in the alternative, to transfer the matter back to the Western District of New York pursuant to 28 U.S.C. § 1404(a). *See* Pls. Mot.*,* dkt. # 95. Defendants oppose the motion, Plaintiffs filed a reply, and the parties presented oral arguments on August 23, 2013.

Upon consideration of the parties' written and oral arguments, and upon examination of the merits, the Court grants Plaintiffs' motion and transfers the matter to the Western District of New York pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

Plaintiffs commenced this action in the Western District of New York on September 24, 2012. *See* Compl. dkt. # 1. An amended complaint was filed on April 10, 2013. *See* Am. Compl. dkt. # 82. Although neither a FLSA conditional class nor a Rule 23 class action has been certified, 452 employees working at Defendants' various restaurants located throughout New York State have signed consent forms to become party plaintiffs in this action.

### a. Original Transfer Motion

On June 4, 2013, Judge Telesca granted Defendants' motion to transfer this matter to this District pursuant to 28 U.S.C. §1404 (a). *See* Transfer Dec. & Order, dkt. no. 93. Familiarity with this Decision and Order is presumed. For present purposes, it suffices to

say that the transfer decision was based in large measure on what was seen as an interrelationship between this case and the potential class claims in *Roach, et al. v. T.L. Cannon Corp., et al.*, Case No. 10-cv-00591 (N.D.N.Y)("*Roach*"). *See e.g.* Transfer Dec. & Order, pp. 4-5;[1] 11;[2] 11-12;[3] 12;[4] and 13-14.[5]

---

[1] ("Here, Plaintiffs filed their Complaint against the same Defendants named in the *Roach* action. The two named Plaintiffs are different than any of the named Plaintiffs in *Roach*, but both of the named Plaintiffs in the instant action are included in the putative class in *Roach*. As in *Roach*, Plaintiffs here allege that they have not been paid minimum wages under the NYLL and FLSA. Like the plaintiffs in *Roach*, Plaintiffs allege that Defendants' policies and practices result in an underpayment of minimum wages. In particular, Plaintiffs claim that they were paid tipped wages below the minimum wage even though they spent more than 20% of their time working on non-tipped job duties. Like the plaintiffs in *Roach*, Plaintiffs here assert their claims on behalf of themselves and others similarly situated. In fact, Plaintiffs here, purport to represent a putative class of the same tipped employees that formed a significant subset of the putative class of hourly employees in *Roach*.")

[2] As to the convenience of the witnesses, Judge Teleca noted that "[u]sually, the 'convenience of both the party and non-party witnesses is probably the single-most important fact in the analysis of whether transfer should be granted,'" Transfer Dec. & Ord. p. 11 (quoting *Fuji Film Co. v. Lexar Media, Inc.*, 415 F. Supp.2d 370, 373 (S.D.N.Y. 2006)), but found that the convenience of the witnesses weighed in favor of transfer "[b]ecause the claims in [*Hicks* and *Roach*] are so intertwined, many of the witnesses in the *Roach* action will also be called to testify in this action." *Id.*

[3] As to the convenience of the parties, Judge Telesca found that this factor favored transfer because, "[a]lthough the two named Plaintiffs in this action reside in and worked in this district, the majority of the opt-in Plaintiffs reside and work outside of this district. Additionally, all of the Defendants here, and most of the putative plaintiffs are already involved in a related case in the N.D.N.Y." Transfer Dec. & Ord. pp. 11-12.

[4] As to the availability of compulsory process, Judge Telesca found that there is no indication that this factor was relevant for this action because "Defendants have been more than willing to grant access to key witnesses in the *Roach* case, who are likely to be key witnesses here as well. Although discovery in this action has been minimal thus far, the witnesses here will be substantially similar to the witnesses in *Roach*, and Plaintiffs have failed to name any witness whom they could not obtain by virtue of litigating in the N.D.N.Y. in *Roach* or in this action. Accordingly, this factor neither supports nor opposes transfer." Transfer Dec. & Ord. p. 12.

[5] In balancing the various factors considered in a §1404(a) transfer determination, Judge Telesca found "that the interests of justice and judicial efficiency strongly support the transfer of this case in light of the pending *Roach* action that involves similar claims, parties who are substantially the same, the same counsel for both Plaintiffs and Defendants, and a significant overlap in discovery." Transfer Dec. & Ord., p. 13-14 (citing *Fuji Film Co. v. Lexar Media, Inc.*, 415 F.Supp.2d 370, 376 (S.D.N.Y. 2006)("it is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer"); *Williams v. City of N.Y.*, 2006 U.S. Dist. LEXIS 6470, at *9 (S.D.N.Y. Feb. 21, 2006)("[E]xistence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."); *Goggins v. Alliance Capital Mgmt., L.P.,* 279 F. Supp.2d 228, 234 (S.D.N.Y. 2003) (existence of related actions in another tribunal was "[t]he single most significant circumstance favoring transfer [of][the] action"); *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)("To permit a

(continued...)

**b.** *Roach*

Because the operative decision in this matter turns on this case's relationship to the claims in *Roach*, some background of *Roach* is in order.

Plaintiffs Matthew Roach, Melissa Longo, Garrett Titchen, and Christina Apple, four former Applebees employees, commenced an action against T.L. Cannon Corp., as well as several of its corporate and individual affiliates, that collectively own and operate sixty-one Applebee's Neighborhood Grill and Bar Restaurants located throughout New York and portions of Connecticut. In their Amended Complaint, the *Roach* plaintiffs assert violations of the FLSA and the NYLL arising from the alleged existence of systemic, companywide policies and practices in place at Defendants' Appelebee's restaurants, resulting in violations of the FLSA and NYLL, and estimated to have affected thousands of current and former Applebee's employees. Shortly after commencing the action, Plaintiffs moved for leave to pursue a collective action for purposes of their FLSA claim, and for Fed. R. Civ. P. 23 class certification with respect to their NYLL claims. That motion resulted in a partial approval of Plaintiffs' request to pursue their FLSA claim as a collective action, limited to the Applebee's Front Street, Binghamton, New York restaurant. The remaining portions of the motion, however, were denied without prejudice to renewal following discovery.

Plaintiffs' renewed their motion for companywide collective action FLSA certification and Rule 23 class certification with regard to the NYLL claims. *Roach*, dkt. no. 91. The

---

[5](...continued)
situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.")).

renewed motion was referred to the Hon. David E. Peebles, United States Magistrate Judge. In a Report, Recommendation, and Order dated March 5, 2013, Magistrate Judge Peebles ordered that a FLSA collective action be conditionally certified, and recommended that certain NYLL claims be certified as class action claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. *See Roach* Rep. Rec. & Ord., dkt. no. 109.

In considering objections to Magistrate Judge Peebles' recommendations concerning the NYLL claims, the Court denied Rule 23 class certification of any NYLL claim.[6] *See Roach* 03/29/13 Dec. & Ord., pp. 4-11, dkt. no. 114.[7] Plaintiffs have appealed

---

[6] The NYLL claims in issue were Plaintiffs' "spread of hours claims" pursuant to 12 N.Y.C.R.R. § 137-1.7 (2010)("On each day in which the spread of hours exceeds 10, an employee shall receive one hour's pay at the basic minimum hourly wage before allowances, in addition to the minimum wages otherwise required by this Part."); Plaintiffs' "rest hour claims" (asserting that some employees were denied pay for all hours worked as a result of managers allegedly altering time records to reflect that employees were given a NYLL mandated rest period that they had not actually taken); Plaintiffs' "laundry claims" (asserting that some employees were not compensated for the cost of cleaning their uniforms); and Plaintiffs "uniform claims" (asserting that some employees were not compensated for the cost of purchasing their uniforms).

[7] In denying Rule 23 class certification for the "spread of hours" and "rest hour" claims, the Court relied upon the then-recently issued holding of *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), a case decided after Magistrate Judge Peebles issued his Report, Recommendation & Order. *See Roach*, 03/29/13 Dec. & Ord., pp. 4-10. The Supreme Court held in *Behrend*:

> Respondents' class action was improperly certified under Rule 23(b)(3). By refusing to entertain arguments against respondents' damages model that bore on the propriety of class certification, simply because those arguments would also be pertinent to the merits determination, the Court of Appeals ran afoul of our precedents requiring precisely that inquiry. And it is clear that, under the proper standard for evaluating certification, respondents' model falls far short of establishing that damages are capable of measurement on a classwide basis. Without presenting another methodology, respondents cannot show Rule 23(b)(3) predominance: Questions of individual damage calculations will inevitably overwhelm questions common to the class.

133 S. Ct. at 1432-33.

This Court found that Plaintiffs' "spread of hours" and "rest hour" claims could not be certified under Rule 23(b)(3) because Plaintiffs failed to offer a damages model that was "susceptible of measurement across the entire class for purposes of Rule 23(b)(3)," and because an analysis of the evidentiary proof on these claims indicated that damages were individual to putative class members and, therefore, not capable of

(continued...)

5

this decision. *See Roach*, dkt. no. 122 (Certified Order of the United States Court of Appeals for the Second Circuit granting leave to appeal the order denying Plaintiffs' motion for class certification); Fed. R. Civ. P. 23(f)( allowing interlocutory appeals from decision granting or denying Rule 23 class-action certification, and providing that such an appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders.")*.*

In considering the appeal from Magistrate Judge Peebles' FLSA collective action certification decision, this Court affirmed the decision but limited the scope of the FLSA collective action class to "defendants' employees . . . who were not paid regular and/or overtime compensation for all the hours to which they were entitled when the employees worked through their scheduled breaks." *Roach*, 08/19/13 Dec. & Ord., p. 9. This class includes employees who worked in "front of house" and "back of house" positions. *Id.*

## III. DISCUSSION

As indicated, Plaintiffs' move for reconsideration of Judge Telesca's Decision to transfer this matter to this Court, or, in the alternative, to transfer the matter back to the Western District of New York pursuant to 28 U.S.C. § 1404(a). Under the doctrine of comity, respect for the decisional law of a sister court, and the necessity of accepting the law of the case, this Court will not reconsider Judge Telesca's decision, but instead will analyze whether, under the facts *as they exist at this time*, the matter should be transferred backed to the Western District of New York pursuant to 28 U.S.C. § 1404(a).

---

[7](...continued)
measurement on a classwide basis. *Roach*, 03/29/13 Dec. & Ord., pp. 4-10. The "laundry" and "uniforms" claims failed under Rule 23 for different reasons, *id.*, pp. 10-11, so there was no reason to reach the Rule 23(b)(3) damages issue on these claims.

*See In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983)("Certainly, the decision of a transferor court should not be reviewed again by the transferee court. Such an independent review would implicate those concerns which underlie the rule of repose and decisional order we term the law of the case. . . . It does not follow, however, that a transferee court is powerless to act where the original purposes of the transfer have been frustrated by an unforeseen later event. When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better tried in the original forum for reasons which became known after the original transfer order.")(emphasis in original; citations omitted); 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3846 (3d ed.)("[T]ransferee courts have expressed a strong reluctance to review a transfer order indirectly by means of a motion to retransfer. . . . A motion to retransfer is perfectly appropriate, however, on a showing of changed circumstances, particularly when they frustrate the purpose of the change of venue.").

Because Judge Telesca applied the proper standard in addressing the original § 1404(a) motion, the Court will apply the same standard to the instant motion. There is no dispute that this action was properly brought in the Western District of New York in the first instance, so Plaintiffs have satisfied the threshold issue on this motion. *See* 28 U.S.C. § 1404(a). The Court next proceeds to consider the *N.Y. Marine* factors. *See N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 112 (2d Cir. 2010). Plaintiffs must

show by clear and convincing evidence that these factors favor the transfer. *Id.* at 113-114; *see also Aznet Comm., Inc. v. Digital P'ships, Inc.*, No. 89–7658, 1990 U.S. Dist. LEXIS 3527, at *1 (S.D.N.Y. Apr. 2, 1990)("The moving party bears the burden to show by clear and convincing evidence that retransfer is appropriate.").

### (1) Plaintiffs' Choice of Forum

As to Plaintiffs' choice of forum, this Court agrees with Judge Telesca that "[a]lthough a plaintiff's choice of forum is generally entitled to substantial deference in the transfer analysis, in class actions, the plaintiff's choice of forum is a less significant consideration." Transfer Dec. & Order, p. 9 (and cases cited thereat). This Court finds, as did Judge Telesca, that "because Plaintiffs purport to represent a putative class of similarly situated employees located all across the State of New York, . . . Plaintiffs' choice of forum is entitled to some weight, but not substantial deference." *Id.* p. 10.

### (2) The Convenience of the Witnesses

The situation, as it presently exists with the *Roach* case, dramatically changes the calculus in analyzing the convenience of the witnesses. Since the parties briefed the transfer motion for Judge Telesca, this Court denied Rule 23 class certification for all NYLL claims in *Roach*, and limited the FLSA collective action to Defendants' employees who were not paid regular and/or overtime compensation for all the hours to which they were entitled when the employees worked through their scheduled breaks. This "break period" class includes employees who worked in "front of house" and "back of house" positions, some of whom presumably were not paid tipped wages. By contrast, this case involves NYLL and FLSA claims by tipped employees. Thus, there is presently little

8

similarity between the claims in the two actions.[8]

Defendants have not presented a compelling argument that there will be a substantial overlap of witnesses in these two actions. While Defendants' management employees will be called to testify, Defendants' corporate offices are located in the Western District of New York, and the 54 relevant Applebee's are located throughout New York with a significant number in the Western District of New York. Further, Plaintiffs contend that the majority of the witnesses thus far identified in this case are located in the Western District of New York, and that Defendants have selected a sample of 12 Plaintiffs (2 named plaintiffs and 10 opt-in plaintiffs) for discovery, 7 of whom live and worked for Defendants at locations in the Western District of New York. Plaintiffs assert that these 12 Plaintiffs worked in 11 of Defendants' restaurants, 8 of which are located in the Western District of New York. Moreover, Plaintiffs point out that counsel for both parties are located in the Western District of New York, and that depositions in this action have been noticed to take place in Defendants' counsel's offices in the Western District of New York (where the *Roach* depositions occurred).

The Court finds that the convenience of the witnesses weighs strongly in favor of transfer to the Western District of New York.

### (3) The Location of Relevant Documents

As to the location of relevant documents, the Court agrees with Judge Telesca that this factor neither supports nor opposes transfer because the majority of the documents at

---

[8]Even assuming, *arguendo*, that the Second Circuit reverses the Court's Rule 23 decision, the two actions would still be dissimilar because the putative NYLL class claims in *Roach* do not involve the underpayment of tipped wages. *See e.g.* fn. 6, *supra.*

9

issue in this case are located at the 54 different Applebee's restaurants relevant to the case and which are located throughout the State of New York.

### (4) The Convenience of Parties

Just as with the convenience of the witnesses, the calculus analyzing the convenience of the parties has been altered by the developments in *Roach*. As indicated, the only currently existing class claim in *Roach* is a FLSA break period claim that includes "back of house" employees who, presumably, are not paid tipped wages. Plaintiffs assert that, at present, there are no similar plaintiffs or opt-in plaintiffs in the two actions.[9] The Court does not discount the possibility that, in the future, there may be some overlap in the FLSA class plaintiffs in the two actions, but the overlap will be of minor significance because the plaintiffs in each action will be litigating diverse claims (break pay claims versus tipped wage claims), and because the *Roach* FLSA class includes "back of house" employees who, presumably, were not paid tipped wages. Moreover, Plaintiffs assert that of the current 452 plaintiffs in this action (2 named plaintiffs and 450 opt-in plaintiffs), more of these individuals worked for Defendants in the Western District of New York than in any other district, including the Northern District of New York.

Although not a ringing endorsement that the Western District of New York is the most convenient venue for the parties, the fact that more current plaintiffs have worked in the Western District of New York than any other New York district, and that Defendants' corporate offices are located in the Western District of New York, tips this factor in favor of transfer.

---

[9]Plaintiffs contend that none of the current opt-ins in *Roach* is an opt-in in this action, and none of the opt-ins in this action is a current opt-in in *Roach*.

10

### (5) The Locus of Operative Facts

The Court agrees with Judge Telesca that "there is no single locus of operative facts in this action. Plaintiffs purport to represent hundreds of tipped employees who worked in different restaurant throughout the state of New York - both in [the W.D.N.Y.] and in the N.D.N.Y." Transfer Dec. & Ord., p. 11. Accordingly, the Court finds this factor is neutral.

### (6) The Availability of Compulsory Process

The Court also agrees with Judge Telesca that the availability of compulsory process factor neither supports nor opposes transfer. *Id.* Neither party has named any witness whom they could not obtain by virtue of litigating in the Western District of New York.

### (7) The Relative Means of the Parties

As to the relative means of the parties, the Court agrees with Judge Telesca that because Plaintiffs and their counsel seek to represent hundreds of tipped employees who work throughout the State of New York, the relative means of the parties does not weigh in favor of or against transfer.

### (8) Balancing the Factors

In balancing these factors, the Court finds that they tip in favor of transfer of the case back to the Western District of New York. Plaintiffs' choice of forum in the Western District of New York is entitled to some weight, but not substantial deference; the convenience of the witnesses weighs strongly in favor of transfer to the Western District of New York; the convenience of the parties tips in favor of transfer; and the remaining

11

factors are neutral. None of the neutral factors outweighs Plaintiffs' choice of forum in the Western District of New York, and the factors examining the convenience of the witnesses and parties weighing in favor of transfer tips the balance in Plaintiffs' favor.

Moreover, because of the recent developments in *Roach,* there is little overlap between this case and *Roach.* Thus, the primary factor driving the original transfer decision no longer exists. Further, because *Roach*, which has been pending for over three years, has proceeded much further than the instant case in terms of discovery and motion practice, the Court does not find that the interests of justice and judicial efficiency are advanced by maintaining this action in this District. Likewise, because this case is in its infancy and because there has been no appreciable delay caused by the transfer and retransfer of the case, the Court does not find that the parties' or the public's interests have been prejudiced by the transfers. *See HAB Carriers, Inc. v. Arrow Truck Sales, Inc.*, 2009 WL 2589108, at *1 (D.N.J. Aug. 21, 2009)("In determining whether a case should be retransferred, some courts have also considered whether a transfer would prejudice the parties involved as well as the private and public interests implicated by a transfer of venue.")(citations omitted). Rather, the Court finds that Plaintiffs have established by clear and convincing evidence that retransfer of this action to the Western District of New York is warranted pursuant to 28 U.S.C. § 1404(a).

**IV. CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for reconsideration of the June 4, 2013 Decision and Order of the Hon. Michael A. Telesca, United States District Judge for the Western District of New York, that transferred this action to this Court pursuant to 28

U.S.C. § 1404 (a), or, in the alternative, to transfer the matter back to the Western District of New York pursuant to 28 U.S.C. § 1404(a) [dkt. no. 48], is GRANTED IN PART and DENIED IN PART. The motion is denied inasmuch as it asks this Court to reconsider Judge Telesca's Decision and Order, and granted inasmuch as it asks to transfer this matter back to the Western District of New York.

The Clerk of the Court is directed to transfer this case to the Western District of New York.

**SO ORDERED.**

Dated: August 23, 2013

Thomas J. McAvoy
Senior, U.S. District Judge