UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ASHLEY HICKS and KRISTIN RAYMOND, on
behalf of themselves and all other employees
similarly situated,

               Plaintiffs,

       -against-

T.L. CANNON CORP., d/b/a APPLEBEE'S or
APPLEBEE'S NEIGHBORHOOD BAR AND
GRILL; T.L. CANNON MANAGEMENT CORP.;
TLC WEST, LLC; TLC CENTRAL, LLC; TLC
UTICA, LLC; TLC NORTH, LLC; DAVID A.
STEIN, individually and as Owner and Chairman of
T.L. Cannon Corp. and as Director and Chairman of
T.L. Cannon Management Corp.; MATTHEW J.
FAIRBAIRN, individually and as Owner and
President of T.L. Cannon Corp. and as Director and
Chief Executive Officer of T.L. Cannon
Management Corp.; and JOHN PERRY, individually
and as Vice-President and Director of Operations of
T.L. Cannon Corp. and as President of T.L. Cannon
Management Corp.,

               Defendants.

Civil Action No. 13-CV-6455

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
(212) 583-9600

Craig R. Benson, Esq.
Elena Paraskevas-Thadani, Esq.
Erin W. Smith, Esq.

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ..................................................................................... 3

    A.    Plaintiffs' Employment ................................................................. 3

    B.    FLSA Opt-In Plaintiffs ................................................................. 3

    C.    Defendants' Pay Stubs ................................................................. 4

    D.    Defendants' Wage Notices ............................................................. 5

          1.    Oral Notice ....................................................................... 5
          2.    Posters ............................................................................. 6
          3.    Notices Provided From 2009 – 2010 ............................ 6
          4.    Notice Provided in 2011 ................................................ 6
          5.    Notice Provided in 2012 ................................................ 7
          6.    Notice Provided From 2013 - Present ........................... 8

ARGUMENT ........................................................................................................ 8

    I.    STANDARD OF REVIEW ........................................................... 8

    II.    HICKS AND RAYMOND ARE NOT CERTIFIED CLASS
          REPRESENTATIVES AND DO NOT REPRESENT FLSA OPT-IN
          PLAINTIFFS ON STATE CLAIMS ........................................... 9

    III.    PLAINTIFFS' NYLL PAY STUB AND WAGE NOTICE CLAIMS FAIL
          AS A MATTER OF LAW .......................................................... 10

          A.    The Food Service Worker Minimum Wage Is Not An "Allowance" ...... 10

          B.    Defendants Have Complied With Pay Stub Requirements ...................... 12

          C.    Hicks And Raymond Were Not Entitled To Written Wage Notice ......... 13

    IV.    LOSS OF THE "TIP CREDIT" IS NOT AN AVAILABLE REMEDY ............. 14

          A.    The Plain Language Of The Pay Stub Statutes and Regulations
               Does Not Provide For Loss Of The "Tip Credit" ................................... 14

          B.    The Loss Of The "Tip Credit" Is Not An Available Remedy For A
               Wage Notice Violation ...................................................................... 15

## TABLE OF CONTENTS
### (CONTINUED)

PAGE

C.    The Cases Cited By Plaintiffs Do Not Establish Their Entitlement To Damages ............................................................................................ 17

V.    THE DOCTRINE OF *DE MINIMIS NON CURAT LEX* SHOULD BE APPLIED BECAUSE PLAINTIFFS HAVE SUFFERED NO INJURY............ 19

VI.    DEFENDANTS ARE ENTITLED TO A SETOFF OF ALL WAGES PAID TO, AND TIPS EARNED BY, PLAINTIFFS ......................................... 21

VII.    PLAINTIFFS ARE NOT ENTITLED TO LIQUIDATED DAMAGES OR PREJUDGMENT INTEREST........................................................................... 22

CONCLUSION........................................................................................................ 25

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alcan Aluminum Corp. v. U.S.,*
   165 F.3d 898 (Fed. Cir. 1999)..................................................................................20, 21

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)............................................................................................................8

*Cao v. Wu Liang Lexington Rest.,*
   2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010)...................................................10, 18

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986)............................................................................................................8

*Copantitla v. Fiskardo Estiatorio, Inc.,*
   788 F. Supp. 2d 253 (S.D.N.Y. 2011)........................................................................17

*Envtl. Defense v. U.S. Envtl. Prot. Agency,*
   369 F.3d 193 (2d Cir. 2004)..........................................................................................16

*Goenaga v. March of Dimes Birth Defects Found.,*
   51 F.3d 14 (2d Cir. 1995)..................................................................................................9

*Gold v. N.Y. Life Ins. Co.,*
   730 F.3d 137 (2d Cir. 2013)..........................................................................................23

*Good Samaritan Hosp. v. Axelrod,*
   150 A.D.2d 775 (2d Dep't 1989)..................................................................................15

*Hart v. Rick's Cabaret Int'l, Inc.,*
   2013 U.S. Dist. LEXIS 129130 (S.D.N.Y. Sept. 10, 2013)..........................23, 24

*Hernandez v. BCI Coca-Cola Bottling Co.,*
   2012 U.S. Dist. LEXIS 55301 (C.D. Cal. Apr. 12, 2012) ...................................13

*Karcher v. May,*
   484 U.S. 72 (1987)..............................................................................................................9

*Lanzetta v. Florio's Enters., Inc.,*
   763 F. Supp. 2d. 615 (S.D.N.Y. 2011)........................................................................18

*McLean v. Garage Mgmt. Corp.,*
   2012 U.S. Dist. LEXIS 55425 (S.D.N.Y. Apr. 19, 2012).....................................23

**CASES**                                                **Page(s)**

*Mendez v. Pizza on Stone, LLC,*
    2012 U.S. Dist. LEXIS 108605 (S.D.N.Y. Aug. 1, 2012) ................................. 18, 19

*Monterossa v. Martinez Rest. Corp.,*
    2012 U.S. Dist. LEXIS 127811 (S.D.N.Y. Sept. 7, 2012) ............................... 17, 18

*Overton v. N.Y. State Div. of Military & Naval Affairs,*
    373 F.3d 83 (2d Cir. 2004) ............................................................................... 8

*Padilla v. Manlapaz,*
    643 F. Supp. 2d 302 (S.D.N.Y. 2009) .............................................................. 18

*Palmieri v. Lynch,*
    392 F.3d 73 (2d Cir. 2004) ............................................................................. 21

*Paz v. Piedra,*
    2012 WL 121103 (S.D.N.Y. 2012) ................................................................. 19

*PepsiCo, Inc. v. Coca-Cola Co.,*
    315 F.3d 101 (2d Cir. 2002) ............................................................................. 9

*Pub. Emps. Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.,*
    714 F. Supp. 2d 475 (S.D.N.Y. 2010) .............................................................. 14

*Rice v. Scudder Kemper Invs., Inc.,*
    2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug. 14, 2003) ................................. 15

*Roberts v. Tishman Speyer Props., L.P.,*
    13 N.Y.3d 270 (N.Y. 2009) ............................................................................ 16

*Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.,*
    391 F.3d 77 (2d Cir. 2004) ............................................................................... 8

*Sista v. CDC Ixis N. Am., Inc.,*
    445 F.3d 161 (2d Cir. 2006) ............................................................................. 8

*Smith v. Bayer Corp.,*
    131 S. Ct. 2368 (2011) .................................................................................... 9

*The Standard Fire Ins. Co. v. Knowles,*
    133 S. Ct. 1345 (2013) .................................................................................... 9

*U.S. ex rel. Eisenstein v. City of N.Y.,*
    556 U.S. 928 (2009) ........................................................................................ 9

**Page(s)**

**CASES**

*U.S. v. Lacey,*
   699 F.3d 710 (2d Cir. 2012)...................................................................................11

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,*
   549 F.3d 100 (2d Cir. 2008)...................................................................................14

*Weil, Gotshal & Manges v. O'Cleireacain,*
   83 N.Y.2d 591 (N.Y. 1994) ...................................................................................16

*Wis. Dept. of Revenue v. William Wrigley, Jr. Co.,*
   505 U.S. 214 (1992)...............................................................................................20

**STATUTES**

N.Y. Lab. L. Art. 2, § 21(11) .....................................................................................16

N.Y. Lab. L. Art. 6, § 199 ..........................................................................................16

N.Y. Lab. L. Art. 19 ...................................................................................................20

N.Y. Lab. L. Art. 19, § 653 ........................................................................................16

N.Y. Lab. L. Art. 19, § 656 ........................................................................................16

N.Y. Lab. L. § 195(1) ..............................................................................................2, 6

N.Y. Lab. L. § 195(3) (until April 9, 2011) ...............................................................12

N.Y. Lab. L. § 195(3) (2014) .....................................................................................12

N.Y. Lab. L. § 198 ...........................................................................................3, 15, 16

N.Y. Lab. L. § 198 (2014) ..........................................................................................16

N.Y. Lab. L. § 198(1-a) (2008)...................................................................................23

N.Y. Lab. L. § 198(1-a) (2009)...................................................................................23

N.Y. Lab. L. § 198(1-a) (2010)...................................................................................23

N.Y. Lab. L. § 198(3) (until April 9, 2011) .................................................................3

N.Y. Lab. L. § 199 ...............................................................................................15, 16

N.Y. LAB. L. § 652(1) (2014).....................................................................................10

N.Y. LAB. L. § 652(4) ......................................................................................1, 10, 11

**Page(s)**

**CASES**

N.Y. Lab. L. § 652(5) .................................................................................11

N.Y. Lab. L. § 198(1-d) (2014) ..................................................................15

**OTHER AUTHORITIES**

12 N.Y.C.R.R. § 137-1.5 (effective July 24, 2009) ....................................10

12 N.Y.C.R.R. § 137-2.2 ......................................................................12, 13

12 N.Y.C.R.R. § 142-2.5 .............................................................................11

12 N.Y.C.R.R. § 142-2.5(b)(iii) ............................................................13, 22

12 N.Y.C.R.R. § 146-1.3 .............................................................................16

12 N.Y.C.R.R. § 146-1.3(b) (effective January 1, 2011) ...........................10

12 N.Y.C.R.R. § 146-2.2 (effective January 1, 2011) ..................................6

12 N.Y.C.R.R. § 146-2.2(a) (effective January 1, 2011) ..............................6

12 N.Y.C.R.R. § 146-2.3 ......................................................................12, 13

*Black's Law Dictionary* 443 (7th Ed. 1999) .............................................20

## PRELIMINARY STATEMENT

The alleged wage violations here are the epitome of form over substance. Defendants paid former food service workers Ashley Hicks ("Hicks") and Kristin Raymond ("Raymond") all the wages and tips they were due under the law – but Hicks and Raymond demand an additional two to three dollars per hour worked in a tipped position because their pay stubs and wage notices did not list a "tip credit" as a separate line item "allowance" and because their wage notices did not state Defendants would pay additional wages if tips were insufficient to bring them to the standard, non-tipped minimum hourly rate (even though Defendants undeniably paid such tip "make up" pay). Plaintiffs' claims should be dismissed because the draconian remedy they seek is barred by both law and equity.[1]

Defendants were not required to list a "tip credit" as an allowance on Plaintiffs' pay stubs. Prior to April 9, 2011, there was no statutory requirement to include this information on pay stubs. The Restaurant Industry Minimum Wage Order required pay stubs to list, among other things, rates paid and "allowances, if any, claimed as part of the minimum wage." This same requirement was added to the New York Labor Law ("NYLL") by the Wage Theft Prevention Act ("WTPA") on April 9, 2011. But neither the statute nor the regulation was violated because no allowance was claimed as part of Plaintiffs' minimum wage. The NYLL provides a general minimum wage (NYLL § 652(1)) and a separate, lower, minimum wage for tipped food service workers (NYLL § 652(4)).[2] Since payment of the statutory minimum wage

---

[1] Plaintiffs move on behalf of themselves and seven non-named, putative class members who have opted in to the Fair Labor Standards Act ("FLSA") claims. These individuals are not parties to the state claims, and therefore, a motion for summary judgment cannot be brought on their behalf.

[2] "[T]he wage for an employee who is a food service worker receiving tips shall be a cash wage of at least ... four dollars and sixty cents on or after January first, two thousand seven, provided that the tips of such an employee, when added to such cash wage, are equal to or exceed the minimum wage in effect pursuant to subdivision one of this section and provided further that no other cash wage is established pursuant to section six hundred fifty-three of this article." N.Y. LAB. L. § 652(4). That food service worker minimum wage rate was increased to $4.65 per hour on July 24, 2009 and to $5.00 per hour on January 1, 2011.

is not an "allowance ... claimed as part of minimum wage," no special pay stub notice was required and Plaintiffs' pay statement claim cannot succeed.

Plaintiffs' wage notice claim also must be dismissed. The wage notice requirement, also added to NYLL in April 2011 by the WTPA, requires employers to provide written notice at the time of hire and each year thereafter, of "allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances." N.Y. Lab. L. § 195(1).[3] The Hospitality Industry Minimum Wage Order, required, as of March 1, 2011, written notice stating "the amount of tip credit, if any, to be taken from the basic minimum hourly rate" and "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." (The predecessor Restaurant Industry Wage Order had no such requirement). Plaintiffs were never entitled to receive notice under NYLL or the Hospitality Regulations. Both were hired (and Hicks was terminated) before, and Raymond's wage didn't change after, the effective dates.

In any event, the financial windfall Plaintiffs seek is not the proper remedy for a paperwork omission. It is undisputed that Plaintiffs:

- were aware that they were being paid the food service worker minimum wage, which was lower than the standard minimum wage because the tips they earned were taken into account (Def. Stmt. at ¶ 15.)[4];

- received tips, which when added to their cash wages, equaled or exceeded the standard minimum wage (Def. Stmt. at ¶ 19.);

- received tip-up pay, in the rare circumstances where they did not earn enough tips to equal or exceed the standard minimum wage, to make up the difference (Def. Stmt. at ¶ 18.);

- received pay stubs with every payment of wages identifying the type of payment made (Def. Stmt. at ¶ 24.);

- were advised of their rights and rates of pay by multiple means, including

---

[3] Plaintiffs did not plead a violation of NYLL § 195(1) in their Amended Complaint. *See* Dkt. 82.
[4] References to Defendants' Rule 56.1 Statement of Material Facts are referred to as "Def. Stmt. at ¶ [paragraph #]."

prominently displayed minimum wage posters (Def. Stmt. at ¶ 17.); and

- were not confused by Defendants' pay stubs or wage notices (oral and written) and did not fail to understand the amounts they were being paid (Def. Stmt. at ¶ 15.).

Where, as here, all wages due have been paid, the NYLL does not contemplate loss of the tip credit for a technical violation, such as the omission of the tip makeup policy from the wage notice. The remedy for notice violations is set forth in the Labor Law as underpayments of wages, benefits and wage supplements (*see* N.Y. Lab. L. § 198(3) (until April 9, 2011)), and penalties of up to $2,500 after April 9, 2011, *unless Defendants can show that they paid all wages due in which case there is no penalty. See* N.Y. Lab. L. § 198. Indeed, the New York Industrial Board of Appeals has historically allowed a tip credit against minimum wage even for employees paid off the books when no notices were issued. Because it is undisputed that Hicks and Raymond were paid all wages due, they are not entitled to impose a penalty such as forfeiture of the "tip credit."

## STATEMENT OF FACTS

### A. Plaintiffs' Employment

Hicks worked for Defendants' restaurant in Henrietta, NY from December 20, 2005 until August 24, 2007, and then again in Defendants' Irondequoit, NY restaurant from June 23, 2008 until December 19, 2010. (Def. Stmt. at ¶ 20.). Raymond worked in Defendants' Gates, NY restaurant from February 25, 2002 until December 11, 2011. (Def. Stmt. at ¶ 21.). Hicks and Raymond worked in many different positions, both tipped and non-tipped. This case only involves their tipped positions. (Def. Stmt. at ¶ 22.).

### B. FLSA Opt-In Plaintiffs

Plaintiffs Hicks and Raymond purport to bring this motion on behalf of Barbara Kubiak, Raegan Johnson, Barbara Soluri, Lilian Mullen, Heidi Prentice, Amber Dewey and Shanice

Ford. These seven individuals joined the Fair Labor Standards Act ("FLSA") action by signing an opt-in form for the federal claim, but not the state claims. The opt-in form signed provided:

> I consent to become a 'party plaintiff,' named, or a representative plaintiff in any Fair Labor Standards Act action of unpaid wages, including overtime wages and/or tip credit violations, and related relief against my employer(s), including T.L. Cannon, Corp. d/b/a Applebee's, and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

(Def. Stmt. at ¶ 43.). Plaintiffs never joined these individuals as parties to their state claims.[5]

### C.   Defendants' Pay Stubs

Hicks and Raymond received pay stubs each week, which listed:

- Employer name and address
- Employee name and address
- Pay period
- Regular rate for each position worked (denoted as "Regular Earnings," "Reg-Tipped")
- Overtime rate for each position worked (denoted as "Overtime Earnings," "Tipped-OT")
- Hours worked at each rate of pay
- Tips earned
- Spread of hours pay (denoted as "NY Hour")
- Tip makeup pay (denoted as "tip make up" or "tips to minimum")[6]
- Deductions
- Withholdings
- Gross earnings
- Net earnings

(Def. Stmt. at ¶ 24.). Defendants list separately the hours worked at the applicable wage rate:

| EARNINGS | DESCRIPTION | HOURS | RATE | CURRENT ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|
| | REGULAR EARNING | 2.53 | 7.2500 | 18.34 | 37.50 | 270.88 |
| | TIPS IN | | | 185.00 | | 1524.00 |
| | REG-TIPPED | 17.07 | 4.6500 | 79.38 | 126.44 | 587.93 |
| | TIP MAKE UP | | | | | 1.03 |
| | GROSS | 19.60 | | 282.72 | 163.94 | 2383.83 |
| DEDUCTIONS | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| | TIPS OUT | | | 185.00 | | 1524.00 |
| | TOTAL | | | 185.00 | | 1524.00 |
| WITHHOLDINGS | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| | FEDERAL WH | | | 20.75 | | 114.98 |
| | OASDI | | | 17.53 | | 147.79 |
| | MEDICARE | | | 4.10 | | 34.56 |
| | STATE WH NY | | | 5.94 | | 32.72 |
| | STATE SDI NY | | | 0.60 | | 7.13 |
| | TOTAL | | | 48.92 | | 337.18 |

---

[5] The deadline to do so was March 15, 2013. *See* Dkt. 64.

[6] While Hicks generally earned enough in tips, the records show that on at least one occasion in 2010, she earned tip makeup pay. (Def. Stmt. at ¶ 32.).

(Def. Stmt. at ¶ 24.).  From this pay stub, it is easy to see that Defendants paid the statutory food service worker minimum wage (at that time) of $4.65, denoted as "Reg-Tipped."  Plaintiffs can also see how much in tips per hour they averaged ($10.83/hour in the above example). Defendants maintained records of the information included on the pay stubs throughout the statutory period.  (Def. Stmt. at ¶ 25.).  At all times, Plaintiffs had actual knowledge that they were being paid the minimum wage for food service workers and were aware of the difference between that wage and the standard minimum wage.  (Def. Stmt. at ¶ 15.).

### D.    Defendants' Wage Notices

At all times relevant to this lawsuit, Defendants provided Plaintiffs notice of the statutory wage rates in numerous ways, both orally and in writing.  (Def. Stmt. at ¶ 15, 26.).

#### 1.    Oral Notice

During the orientation process, managers notify new employees of their wage rate, regular pay day and whether any portion of their wages is derived from tips.  (Def. Stmt. at ¶ 16, 27, 28.).  Managers also explain Defendants' policy with respect to tip makeup pay – that is, in weeks where employees don't earn enough in tips to make up the difference between the food service worker minimum wage and the standard minimum wage, Defendants pay them the difference.  (Def. Stmt. at ¶ 16, 29.).  Plaintiffs were at all times paid in accordance with this policy.  (Def. Stmt. at ¶ 18, 30.).

#### 2.    Posters

Defendants prominently displayed the required federal and state minimum wage posters in each of their restaurants, including the federal and state minimum wage poster and the New York State Hospitality Industry minimum wage information poster.  (Def. Stmt. at ¶ 14, 33, 34.).

#### 3.    Notices Provided From 2009 – 2010

New York first imposed a statutory requirement of written wage notice in October 2009.

At that time, and until April 9, 2011, the NYLL required every employer to "notify his employees at the time of hiring of the rate of pay and the regular pay day designated by the employer." N.Y. Lab. L. § 195 (1).[7]   Defendants' notice listed the employee name, date of hire, position, rate of pay for each position, overtime rate and regular payday, providing more information than was required by NYLL § 195(1) ("Pay Rate Notice"). (Def. Stmt. at ¶ 35.). If a food service worker worked in a tipped position, their rate of pay listed was the statutory food service worker minimum wage. (Def. Stmt. at ¶ 42.). Nevertheless, neither Hicks nor Raymond were entitled to receive this Pay Rate Notice because they were hired prior to October 2009, the effective date of the statute. (Def. Stmt. at ¶ 20, 21.).

### 4.   Notice Provided in 2011

A wage notice requirement was added to the Hospitality Industry Wage Order effective January 1, 2011.  12 N.Y.C.R.R. § 146-2.2.  This regulation provides that prior to the start of employment and prior to a change in pay rate, an employer must provide notice of the employee's "regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday." *Id.* at § 146-2.2(a). Defendants' Pay Rate Notice included this information. (Def. Stmt. at ¶ 35.).  If a food service worker worked in a tipped position, their rate of pay listed was the statutory food service worker minimum wage.  (Def. Stmt. at ¶ 42.).  This regulation also provides that the notice should inform the individuals that "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." *Id.*  Employers were given a grace period, up to March 1, 2011, to implement changes. (Def. Stmt. at ¶ 37.).

Defendants actually had such a policy and paid Plaintiffs tip makeup pay in accordance the law. Defendants did not revise their Pay Rate Notice to include notice of Defendants' tip

---

[7] A true and correct copy of the statute is attached to the Declaration of Craig R. Benson ("Benson Decl.") as Ex. C.

makeup pay policy until June of 2011. (Def. Stmt. at ¶ 37.).[8]  As stated, employees received oral

notice of the policy at orientation. (Def. Stmt. at ¶ 16, 29.).  In addition, in the weeks where they

were entitled to such make up pay, it was clearly delineated on the paycheck as "tip make up" or

"tips to minimum". (Def. Stmt. at ¶ 31.).  This is irrelevant however, because neither Hicks nor

Raymond were hired after January 1, 2011. (Def. Stmt. at ¶ 20, 21.).  Hicks was terminated in

December 2010, so she did not receive a Pay Rate Notice. (Def. Stmt. at ¶ 20.).  Raymond was

provided with the Pay Rate Notice on January 1, 2011, even though she was not entitled to one.

(Def. Stmt. at ¶ 36.).

### 5.    Notice Provided in 2012

In January 2012, Defendants began using an additional form of notice for their tipped

employees in order to comply with the newly enacted Wage Theft Prevention Act ("WTPA"),

found in NYLL § 195. (Def. Stmt. at ¶ 38.).[9]  This notice listed, among other things, the name

and address of the employer, the time the notice was given, the regular rate of pay per position,

the regular payday, the frequency of pay, and an explanation of the overtime rate ("WTPA

Notice"). (Def. Stmt. at ¶ 38.).  If a food service worker worked in a tipped position, their rate of

pay listed was the statutory food service worker minimum wage. (Def. Stmt. at ¶ 42.).  This

notice was signed yearly by each tipped employee and prior to any change in pay rate. (Def.

Stmt. at ¶ 39.).  Hicks and Raymond did not receive a WTPA Notice because neither were

employed as of January 2012. (Def. Stmt. at ¶ 20, 21.).

### 6.    Notice Provided From 2013 - Present

Defendants used both the Pay Rate Notice for new hires and the WTPA Notice until June

---

[8] While the language regarding Defendants' tip makeup pay policy was not included in the notice until June 2011, it is undisputed that Defendants' employees were paid in accordance with this policy. (Def. Stmt. at ¶ 18.).
[9] There was no reason to use the form prior to January 2012 for tipped employees, as the wage rate for tipped employees did not change from April 2011 to December 2011.

of 2013, when the two forms were combined ("Combined Wage Notice") to streamline their recordkeeping process. (Def. Stmt. at ¶ 40.). This Combined Wage Notice was initially used for all newly hired tipped employees and for any tipped employees who had a change in pay rate. (Def. Stmt. at ¶ 41.). Beginning in January 2014, the Combined Wage Notice was also used yearly for all employees. (Def. Stmt. at ¶ 41.). Hicks and Raymond did not receive the Combined Wage Notice as neither was employed as of January 2014. (Def. Stmt. at ¶ 20, 21.).

## ARGUMENT

### I.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure requires summary judgment if the evidence demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs if the evidence is such that 'a reasonable [fact finder] could return a verdict for the nonmoving party.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). In ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). A dispute over an issue of material fact qualifies as genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "In moving for summary judgment against a party who will bear the

ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995); *accord PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002).  As discussed below, Plaintiffs have not met their burden of proof on their wage notice and pay stub claims, and dismissal of these claims and denial of Plaintiffs' motion for summary judgment is warranted, as a matter of law.

## II.  HICKS AND RAYMOND ARE NOT CERTIFIED CLASS REPRESENTATIVES AND DO NOT REPRESENT FLSA OPT-IN PLAINTIFFS ON STATE CLAIMS

Hicks and Raymond purport to bring their motion for summary judgment on behalf of themselves, as well as seven FLSA opt-ins.  Hicks and Raymond are not class representatives for the state law claims as this action has not been certified pursuant to Rule 23.  *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011); *see also The Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (holding that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.").  The opt-in individuals are not parties on the state law claims because they were not added as plaintiffs and the opt-in consent form signed by these non-parties is limited to their FLSA claims.  These individuals are not parties to this action, as "[a] 'party' to litigation is '[o]ne by or against whom a lawsuit is brought,'[10] or one who 'become[s] a party by intervention, substitution, or third-party practice.'"[11]  Therefore, Hicks and Raymond can only bring their motion for summary judgment on behalf of themselves.

---

[10] *U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009).
[11] *Karcher v. May*, 484 U.S. 72, 77 (1987).

## III.   PLAINTIFFS' NYLL PAY STUB AND WAGE NOTICE CLAIMS FAIL AS A MATTER OF LAW

### A.   The Food Service Worker Minimum Wage Is Not An "Allowance"

The New York minimum wage requirements are set forth in in NYLL § 652.   Section

652(1) provides the general minimum wage:   "Every employer shall pay to each of its employees

for each hour worked a wage of not less than: ... $ 6.75 on and after January 1, 2006, $ 7.15 on

and after January 1, 2007, $8.00 on and after December 31, 2013 ..." (2014) ("standard

minimum wage").   This standard minimum wage is not applicable to food service workers, such

as Plaintiffs.   For food service workers, the statute provides a separate, lower minimum wage:

> The wage for an employee who is a food service worker receiving tips shall be a
> cash wage of at least ... four dollars and sixty cents ... provided that the tips of
> such an employee, when added to such cash wage, are equal to or exceed the
> minimum wage in effect pursuant to subdivision one of this section and provided
> further that no other cash wage is established pursuant to section six hundred
> fifty-three of this article.

N.Y. Lab. L. § 652 (4) ("food service worker minimum wage"); *see also Cao v. Wu Liang*

*Lexington Rest.*, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010) (citing N.Y. Lab. L. § 652

(4) ("the Labor Law allows employers to pay tipped workers in the food service industry a lower

minimum wage.").[12]   Nothing in NYLL § 652 requires that employers notify food service

workers of this statutory minimum wage; it only requires that workers receive sufficient tips to

make up the difference.[13]  *Id.*  Nevertheless, as required by federal law, Defendants did notify

Plaintiffs of their rate of pay during orientation, as well as through prominently displayed

posters, pay stubs and wage notices. (Def. Stmt. at ¶ 14, 16, 24, 31, 33, 34, 35, 37, 38, 40, 41.).

It is undisputed that Plaintiffs were unaware of their pay rate and the difference between

---

[12] The food service worker minimum wage was increased, effective July 24, 2009, to $4.65 per hour (12 N.Y.C.R.R. § 137-1.5) and on January 1, 2011, to $5.00 per hour.  12 N.Y.C.R.R. § 146-1.3(b).
[13] This was true throughout the applicable time period in this case, even after NYLL § 652 was amended in 2013.  A true and correct copy of NYLL § 652 (until March 28, 2013) is attached to the Benson Decl. as Ex. E.

their pay rate and the standard minimum wage. (Def. Stmt. at ¶ 15.). Plaintiffs seek to impose liability merely because Defendants did not include a separate line item on their pay stubs and wage notices that labeled the difference between the standard minimum wage and the food service worker minimum wage as an "allowance" or "tip credit". But no such requirement exists under state law for food service workers like Plaintiffs.

The NYLL does not create a tip credit "allowance" to be taken from the standard minimum wage, to arrive at the tipped food service worker wage.[14]   Rather, the law itself provides a separate food service worker minimum wage (*see* N.Y. Lab. L. § 652(4)), from which additional deductions for food and lodging may be taken – which, as opposed to the difference between the food service worker minimum wage and the standard minimum wage, are specifically denominated as "allowances." *See* N.Y. Lab. L. § 652(5). The use of the word allowance in NYLL § 652(5) in connection with only food and lodging, makes the omission of that term from the tipped rate in NYLL § 652(4) intentional and meaningful.[15]  It simply makes no sense to speak of allowances from an allowance. (Def. Stmt. at ¶ 23.). Yet this is exactly the position that Plaintiffs ask the Court adopt.

Because the minimum wage for food service workers is already set as a baseline and not based on an "allowance," "deduction" or "credit," wage regulations requiring the designation of an "allowance," "deduction" or "credit," on a pay stub or wage notice are inapplicable. To the extent such regulations could be interpreted to require such disclosure, as more fully explained below, they do not, and cannot, require a forfeiture of the food service worker minimum wage. Plaintiffs' motion for summary judgment on their state pay stub and wage notice claims must be

---

[14]   Contrast other tipped jobs, like bell hops, car wash, cabana boys etc., where the regulations allow a tip credit. *See* 12 N.Y.C.R.R. § 142-2.5.
[15] *See U.S. v. Lacey*, 699 F.3d 710, 725 (2d Cir. 2012) ("Applying the rule of statutory construction '*inclusio unius est exclusio alterius*'—that to express or include one thing implies the exclusion of the other.") (citing *U.S. v. Tappin*, 205 F.3d 536, 540 (2d Cir. 2000)).

denied, and Defendants' cross-motion on these claims should be granted.

## B.   Defendants Have Complied With Pay Stub Requirements

Defendants listed the food service worker minimum wage on their pay stubs and labeled it "reg-tipped". (Def. Stmt. at ¶ 24.). Plaintiffs claim this is somehow a violation of the regulations, which require employers to list "allowances, if any, claimed as part of the minimum wage," on their pay stubs, as required by 12 N.Y.C.R.R. § 137-2.2; § 146-2.3. These regulations are promulgated pursuant to NYLL § 195(3), the statute requiring pay stubs. Prior to April 9, 2011, NYLL § 195(3) had no requirement to list allowances.[16] It was the regulations promulgated under 195(3), alone, that incorporated this requirement. 12 N.Y.C.R.R. § 137-2.2 (effective up until Dec. 31, 2010). On April 9, 2011, the Wage Theft Prevention Act amended NYLL § 195(3), and, for the first time, added a requirement to list allowances claimed. *See* N.Y. Lab. L. § 195(3) (2014). To the extent that this was not accomplished and/or fundamentally obvious by listing the wage rate as "reg-tipped," Defendants did not otherwise list any "allowances" claimed on Plaintiffs' pay stubs because, as explained in Point III.A., *supra*, no such allowances were taken. As stated, for food service workers, the minimum wage is statutorily less than the standard minimum wage without the need for an allowance or credit.

Effective January 1, 2011, the Commissioner of Labor issued new regulations which added a requirement that pay stubs list "credits claimed (for tips, meals and lodging), if any." 12 N.Y.C.R.R. § 146-2.3. These regulations, however, are applicable beyond food service workers (e.g. bell hops), where no lower minimum wage is specifically provided for in the statute and taking a tip credit would be a modification of the otherwise expected standard minimum wage. Therefore, the mere juxtaposition of the words "credits claimed" and "tips," in 12 N.Y.C.R.R.

---

[16] Prior to April 9, 2011, Section 195(3) provided: "[e]very employer shall … furnish each employee with a wage statement ... listing gross wages, deductions and net wages, and upon the request of an employee furnish an explanation of how such wages were computed."). N.Y. Lab. L. § 195(3) (until April 9, 2011).

§ 146-2.3 did not alter the statutory minimum wage or convert the food service worker minimum wage to a wage as a result of a credit.

Even if Plaintiffs' argument is accepted, and Defendants are required to show an "allowance" or "credit" taken from the standard minimum wage, the plain language of the statute does not require that it be listed separately. Outside the restaurant industry, for example, where a tip credit is an allowance against the standard minimum wage, the regulation requires that "the allowance claimed by the employer is recorded on a weekly basis *as a separate item in the wage record*." *See* 12 N.Y.C.R.R. § 142-2.5(b)(iii) (emphasis added). The Minimum Wage Order for the Restaurant Industry has never contained the same requirement. *See* 12 N.Y.C.R.R. § 137-2.2; § 146-2.3. In any event, for a tipped employee, Defendants' paystubs list the food service worker minimum wage as the rate and list all hours worked at that rate. (Def. Stmt. at ¶ 24.). Plaintiffs concede that they were aware of the difference between this rate and the standard rate. (Def. Stmt. at ¶ 15.). Simple math provides any "allowance" or "credit" that Plaintiffs allege is taken from the standard minimum wage. *See Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 U.S. Dist. LEXIS 55301, at *20-22 (C.D. Cal. Apr. 12, 2012) (defendant's wage statements were in substantial compliance and performing simple math to get the required information is not a compensable injury) (*aff'd Hernandez v. BCI Coca-Cola Bottling Co.*, 2014 U.S. App. LEXIS 2916 (9th Cir. Cal. Feb. 18, 2014). Therefore, Plaintiffs' motion for summary judgment on their pay stub claim must be denied, and Defendants' cross-motion for summary judgment on the same claim should be granted.

### C.     Hicks And Raymond Were Not Entitled To Written Wage Notice

In addition to their claim for pay stub violations, Hicks and Raymond seek to impose liability on Defendants based on wage notices that did not comply word for word with 12 N.Y.C.R.R. § 146-2.2. Specifically, they claim that Defendants failed to separately denominate

the "tip credit" and did not expressly disclose that Defendants would make up tips if the employee did not earn sufficient tips to qualify for the food service minimum wage (although Defendants notified them of the policy and did, in fact, make such payments). Plaintiffs lack standing to assert this claim as they were never entitled to such wage notices.[17]

The regulation on which Plaintiffs rely, 12 N.Y.C.R.R. § 146-2.2 (effective January 1, 2011) (but not enforced until March 1, 2011),[18] requires notice in only two circumstances: (1) prior to the start of employment; and (2) prior to any change in hourly rate. Plaintiffs both started employment long before January 1, 2011; in fact, Hicks was terminated before that time. (Def. Stmt. at ¶ 20.). Raymond was employed until December of 2011, but her pay rate did not change subsequent to the enactment of the Hospitality Industry Wage Order.[19]   Therefore, neither Hicks nor Raymond were entitled to written wage notices, and as such, Plaintiffs' motion for summary judgment on their wage notice claim must be denied, and Defendants' cross-motion for summary judgment on the same claim should be granted.

## IV.   LOSS OF THE "TIP CREDIT" IS NOT AN AVAILABLE REMEDY

### A.   The Plain Language Of The Pay Stub Statutes and Regulations Does Not Provide For Loss Of The "Tip Credit"

Neither the statute requiring pay stubs, NYLL § 195(3), nor its accompanying regulations upon which Plaintiffs rely, 12 N.Y.C.R.R. § 137; § 146, require the issuance of compliant pay

---

[17] A plaintiff can demonstrate that there is an actual case or controversy that he or she possesses the requisite "personal stake" in resolving only if that plaintiff can meet the three standing requirements. *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008), *cert. denied*, 2009 U.S. LEXIS 3055 (U.S., Apr. 20, 2009) ("These requirements ensure that a plaintiff has a sufficiently personal stake in the outcome of the suit so that the parties are adverse."); *see also, Pub. Emps. Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 480-81 (S.D.N.Y. 2010) (dismissing claims for which no named plaintiff possessed standing).
[18] (Def. Stmt. at ¶ 14, Ex 1-B.).
[19] The increase in the tip credit wage to $5.00 per hour occurred simultaneously with the enactment of the Hospitality Wage Order on January 1, 2011. Raymond was terminated prior to any increase in her wage rate. (Def. Stmt. at ¶ 21.).

stubs as a condition to paying the food service worker minimum wage.[20]   The regulations were issued to carry out the provisions of NYLL § 195(3), which provides the pay stub requirement. *See* N.Y. Lab. L. § 199.   The remedies for a violation of NYLL § 195(3) are found in NYLL § 198, which only provides for recovery for the underpayment of wages.   *See* N.Y. Lab. L. § 198 (providing for the recovery of "wages, benefits and wage supplements.");[21] *Rice v. Scudder Kemper Invs., Inc.*, 2003 U.S. Dist. LEXIS 14239, at *12 (S.D.N.Y. Aug. 14, 2003) (citing *Gottlieb v. Kenneth D. Laub & Co., Inc.*, 82 N.Y.2d 457, 463 (N.Y. 1993) ("§ 198 provides relief for failures to 'pay the wage required by this article.'")).   As of April 9, 2011, NYLL § 198 also provides for a penalty of up to $2,500 for failure to issue a compliant pay stub pursuant to NYLL § 195(3), but only if the employer cannot prove that the employee was paid all wages due.   N.Y. Lab. L. § 198(1-d).[22]   The language of the statutes and regulations is clear and unambiguous – loss of the "tip credit" is not an available remedy for a pay stub violation.   This makes perfect sense for the situation presented here, where no one was underpaid by even a single penny.

**B.     The Loss Of The "Tip Credit" Is Not An Available Remedy For A Wage Notice Violation**

Even assuming, *arguendo*, that Plaintiffs were entitled to notice under 12 N.Y.C.R.R. § 146-2.2, and that Defendants' wage notice was somehow technically deficient, such a deficiency

---

[20] While there was a precondition added to the regulations as of January 1, 2011 (§146-1.3), this precondition only concerned wage notices (§146-1.3), not pay stubs (§146-2.3) and is not retroactive. *See Good Samaritan Hosp. v. Axelrod*, 150 A.D.2d 775, 777 (2d Dep't 1989) (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)).   In any event, this precondition is invalid because it conflicts with the statute. *See* Point IV.B., *infra*.

[21] A true and correct copy of the statute is attached to the Benson Decl. as Ex. D.   NYLL § 198 also provides for limited recovery of attorney's fees, costs, liquidated damages, injunctive or declaratory relief.

[22] "If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees. ... In any action or administrative proceeding to recover damages for violation of subdivision three of section one hundred ninety-five of this article, *it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article or articles nineteen or nineteen-A of this chapter to the employee who was not provided statements as required by subdivision three of section one hundred ninety-five of this article* or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with statements pursuant to paragraph (e) of subdivision one of section one hundred ninety-five of this article."   NYLL § 198(1-d) (2014) (emphasis added).

does not result in a loss of the tip credit. The statutory authority for the Hospitality Industry Wage Order is found in the New York Labor Law,[23] specifically § 199, which provides "[t]he commissioner may issue such rules and regulations as he determines necessary for the purposes of carrying out the provisions of this article." N.Y. Lab. L. § 199. The wage notice requirement included in the Hospitality Wage Order, therefore, must carry out the provisions of the statutory notice requirement, which is found in NYLL § 195(1). The remedies for a violation of NYLL § 195(1) are found in NYLL § 198. As explained in detail in Point IV.A., *supra*, NYLL § 198 has never provided for loss of the "tip credit" for failure to issue compliant wage notices. The Hospitality Industry Wage Order was amended as of January 1, 2011, and now provides: "An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in Section 146-2.2" (implying, as Plaintiffs' argue, that failure to issue a compliant notice results in the loss of the tip credit). *See* 12 N.Y.C.R.R. § 146-1.3.[24] This is contrary to the remedies provided by NYLL § 198 and the plain language of NYLL § 652(4).

The statute and the regulation are inconsistent, as the statute has never provided for the loss of the "tip credit." Notably, the statute was amended on April 9, 2011 (after the Hospitality Industry Wage Order was enacted); however, loss of the "tip credit" was not added as an available remedy. *See* N.Y. Lab. L. § 198 (2014). Where the regulations are in conflict with the plain language of the statute, the statute governs.[25] Therefore, the loss of the "tip credit" is not

---

[23] Labor Law Article 19, § 653 and § 656; Article 6, § 199; and Article 2, § 21(11). *See* Benson Decl., Ex. B, p.1.

[24] This was the first time that a precondition other than earning sufficient tips was added to the regulation. Therefore, Plaintiffs' claim for tip credit damages prior to January 1, 2011 cannot survive, based on the plain language of the regulations upon which they rely.

[25] *See Envtl. Defense v. U.S. Envtl. Prot. Agency*, 369 F.3d 193, 207 (2d Cir. 2004), *petition for review denied*, (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (holding that in the event of a conflict between a statute and a regulation, it would be the regulation that would have to yield and not the statute.)); *Roberts v. Tishman Speyer Props., L.P.*, 13 N.Y.3d 270, 285 (N.Y. 2009) ("if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight."); *Weil, Gotshal & Manges v.*

an available remedy for a wage notice violation.

>    **C.    The Cases Cited By Plaintiffs Do Not Establish Their Entitlement To Damages**

Plaintiffs fail to point to a single case where a court ordered the loss of the "tip credit" where, as here, Defendants paid all wages due in accordance with NYLL § 652(4).   Nor do Plaintiffs cite a case where, when faced *solely* with an alleged technical and ministerial violation of the New York State regulations requiring pay stubs or wage notices, a court ordered the loss of the tip credit.   Instead, Plaintiffs rely on cases where the defendants committed multiple violations of the NYLL and its accompanying regulations, and the plaintiffs were not paid all wages due.   These cases are all distinguishable and do not provide support for the imposition of the harsh result that is requested in the instant case.

In *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 288-89 (S.D.N.Y. 2011), defendants failed to provide employees oral notice of their pay rate, failed to post the required minimum wage posters in the restaurant, failed to pay employees overtime, unlawfully retained employee gratuities, and failed to keep appropriate records. *Id.* at 288-89. Defendants' violation of NYLL § 196-d (retaining gratuities), alone, constituted an "independent and sufficient reason to find that the defendants are not entitled to a tip credit." *Id.* at 290.

In *Monterossa v. Martinez Rest. Corp.*, 2012 U.S. Dist. LEXIS 127811, at *2-3 (S.D.N.Y. Sept. 7, 2012), plaintiffs were paid in cash, no records were kept for the days or the hours that plaintiffs worked, and plaintiffs were paid a set amount per shift, regardless of how many days per week they worked. Defendants failed to pay plaintiffs overtime, never informed plaintiffs of the food service worker minimum wage, and did not track the amount of tips that plaintiffs earned. *Id.* at *3-4, 14. Finally, defendants did not furnish any pay stubs to plaintiffs

---

*O'Cleireacain*, 83 N.Y.2d 591, 596 (N.Y. 1994) ("Since we find the regulation at issue in clear conflict with the conceded legislative intent, we need not reach the question of deference.").

whatsoever. *Id.* at *12.

In *Cao*, 2010 WL 4159391, all individual defendants defaulted. Defendants failed to give tipped workers *any* notice of the food service worker minimum wage, failed to provide any wage statements and failed to maintain any payroll records. *Id.* at *6-7. Defendants also failed to pay plaintiffs overtime compensation or spread of hours pay. *Id.* at *9. Finally, defendants retained a portion of the plaintiffs' tips and failed to reimburse them for the cost of acquiring and maintaining their bicycles used for deliveries. *Id.* at *12-13.

In *Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d. 615, 619 (S.D.N.Y. 2011), plaintiff worked only for tips and received no wages, and there was no formal timekeeping system. Defendant made unlawful deductions from the plaintiff's tips to cover "taxes," failed to pay the plaintiff overtime and spread of hours payments, and presented no evidence that it provided any notice to the plaintiff of her wage rate, or that it had the required posters in the restaurant. *Id.* at 621-23.

In *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309-11 (S.D.N.Y. 2009), the defendants failed to maintain time or payroll records for the plaintiff, paid plaintiff below the food service worker minimum wage, failed to pay overtime, withheld wages for an eight-month period, and failed to pay spread of hours pay. *Id.* at 306. The defendants also did not provide wage statements to the plaintiff. *Id.* at 310.

In *Mendez v. Pizza on Stone, LLC*, 2012 U.S. Dist. LEXIS 108605 (S.D.N.Y. Aug. 1, 2012), defendants paid employees on a fixed weekly salary, did not keep records of the number of hours worked, and did not provide any notice to plaintiffs of their wage rate. *Id.* at *12. While the defendants used a third party vendor for their payroll records and wage statements, the defendants were unable to offer definitive testimony regarding what information was included in

these records. *Id.* at *12-13.

In *Paz v. Piedra*, 2012 WL 121103, at *2 (S.D.N.Y. 2012), defendants paid plaintiffs a fixed sum per shift regardless of hours worked, and failed to compensate the plaintiffs for overtime, for time spent training, for uniform-related expenses and for spread of hours pay. *Id.* The defendants also failed to post any required notices and failed to notify the plaintiffs in any manner of the food service worker minimum wage. *Id.*

Perhaps the most important distinguishing factor from each of the above-referenced cases, as compared to this case, is that Defendants here paid Plaintiffs all wages due pursuant to NYLL § 652(4). (Def. Stmt. at ¶ 19.). Another important distinguishing factor is that in this case, Plaintiffs' claims are premised solely on alleged wage notice and pay stub violations. Plaintiffs have alleged no other violations of the NYLL. In addition, Plaintiffs' claim is not that Defendants provided no pay stubs or wage notices whatsoever; instead, they allege technical and non-consequential deficiencies in Defendants' pay stubs and wage notices. Even assuming Defendants' pay stubs and wage notices were technically deficient; this violation does not rise to the level of the violations described in the above-referenced cases and resulted in no harm whatsoever to the Plaintiffs. Therefore, Defendants should not be punished in the same manner and Plaintiffs' motion for summary judgment on their pay stub and wage notice claims should be denied, and Defendants' cross-motion on the same claim should be granted.

## V.   THE DOCTRINE OF *DE MINIMIS NON CURAT LEX* SHOULD BE APPLIED BECAUSE PLAINTIFFS HAVE SUFFERED NO INJURY

Even assuming that the loss of the tip credit was available as a theoretical remedy for the technical and non-consequential pay stub and notice deficiencies, the maxim *de minimis non curat lex* provides that such a remedy is not warranted in this case. *De minimis non curat lex* is

commonly translated as "the law does not concern itself with trifles."[26]  This maxim "is part of

the established background of legal principles against which all enactments are adopted, and

which all enactments (absent contrary indication) are deemed to accept."  *Wis. Dept. of Revenue*

*v. William Wrigley, Jr. Co.*, 505 U.S. 214, 231 (1992).  Plaintiffs argue that Defendants should

lose the tip credit based on, at most, a technical deviation from the regulations, where not a

single employee has suffered an injury.  While the holding on this motion only applies to the two

named Plaintiffs, it has far reaching implications if Plaintiffs' class certification motion is

granted, as the potential class of employees is well in excess of 5,000.[27]  Put simply, the windfall

to the class and Plaintiffs' counsel would be millions of dollars, when Plaintiffs were paid every

penny they were owed pursuant to NYLL § 652(4).[28]

    "Whether a particular activity is a *de minimis* deviation from a prescribed standard must

… be determined with reference to the purpose of the standard."  *Alcan Aluminum Corp. v. U.S.*,

165 F.3d 898, 903 (Fed. Cir. 1999) (citing *Wis. Dept. of Revenue*, 505 U.S. at 232).  The stated

legislative objectives for the amended Hospitality Industry Wage Order were consistent with the

purpose outlined for Article 19 of the NYLL:

> to ensure wage levels are sufficient to provide adequate maintenance for
> employees and their families; to promote the health, efficiency, and well-being if
> employee; to promote stability of industry; to maintain the purchasing power of
> employees; and to minimize the necessity to supplement wages with public
> money for relief or other public and private assistance.

*See* Proposed Rule Notice at page 3.[29]  The notice requirement in 12 N.Y.C.R.R. § 146-2.2 was

added in order to help remedy underpayments to non-exempt employees who were paid a salary

for all hours worked.  *Id.* at 4.  Prior to the amendment to the regulations, employers were

---

[26] *Black's Law Dictionary* 443 (7th Ed. 1999).
[27] Defendants provided an FLSA class list of approximately 4,000 tipped employees, for a three-year period.
[28] The difference between the tip credit wage and the standard minimum wage ranges between $.75 and $2.25 per hour, depending on the position and the time period that the putative plaintiff worked.
[29] The Proposed Rule Notice, dated October 20, 2010, is attached to the Benson Decl. as Ex. G.

permitted to pay non-exempt employees a salary. *Id.* Employers, however, were oftentimes miscalculating the regular rate for these employees, resulting in underpayments for overtime. *Id.* Employees were not always aware of this mistake, as they were not informed of their regular rate, only their salary. *Id.* The Commission of Labor sought to eliminate this problem by requiring employers to pay their non-exempt employees an hourly rate and requiring that notice be given to them of their regular and overtime rates. *Id.* Defendants did that here.

Defendants satisfied the purpose and intent of the regulations – Plaintiffs were aware of their hourly rate and they were able to determine, based on the wage notice and pay stubs provided to them, that they were, in fact, paid all wages due pursuant to NYLL § 652(4). (Def. Stmt. at ¶ 19.). "Application of *de minimis* is particularly important in cases such as the one at hand, where stark, all-or-nothing operation of the statutory language would have results contrary to its underlying purposes." *Id.* (citing *Wis. Dept. of Revenue*, 505 U.S. at 231.). Plaintiffs have suffered no injury, and as such, the doctrine of *de minimis non curat lex* should be applied as grounds to deny Plaintiffs' motion for summary judgment on their pay stub and wage notice claims under state law. *See Palmieri v. Lynch*, 392 F.3d 73, 75 (2d Cir. 2004) (holding that where the plaintiff suffered no damage, application of the maxim *de minimis non curat lex* is justified absent any constitutional issues raised).

## VI.   DEFENDANTS ARE ENTITLED TO A SETOFF OF ALL WAGES PAID TO, AND TIPS EARNED BY, PLAINTIFFS

Even in the event that this Court finds that Defendants were not entitled to pay their food service workers the minimum wage provided in NYLL § 652(4), Plaintiffs would not be entitled to any damages because Defendants would be entitled to a credit of all wages paid to Plaintiffs and all wages earned by Plaintiffs. *See* Industrial Board of Appeals Decision for Tip Top Car

Wash ("Tip Top Decision").[30]  With this offset, Plaintiffs are not entitled to any damages.  In the

Tip Top Decision, the employer was found liable for the following violations: failing to maintain

proper payroll records, failing to provide any wage statements, failure to keep track of tips

earned by employees, and failing to pay employees straight time and overtime compensation.  *Id.*

at 3.  Despite these violations, the DOL Investigator credited the employer with the wages paid

to its employees and the amount its employees testified they earned in tips.  *Id.* at 3.  This

decision was upheld by the Industrial Board of Appeals.  *Id.* at p. 6.

This decision evidences the enforcement by the DOL of the NYLL, in keeping with the

statutory purpose – to make sure employees are paid all wages due.  Even in a case where the

employer committed multiple violations much more serious than technical and non-

consequential deficiencies in a pay stub or wage notice, the employer was provided with a setoff

for wages paid and tips earned.  In this case, Defendants tracked all tips received by Plaintiffs,

maintained records of such tips, and paid Plaintiffs additional wages if their tips were not

sufficient – no one lost money.  (Def. Stmt. at ¶ 18, 19, 24.).  Therefore, in keeping with the

purpose and intent of Article 19, even if this Court were to somehow find that Defendants did not

technically comply with the pay stub and wage notice regulations, Plaintiffs would not be

entitled to any damages, as they were at all times paid in accordance with NYLL § 652(4).

## VII.  PLAINTIFFS ARE NOT ENTITLED TO LIQUIDATED DAMAGES OR PREJUDGMENT INTEREST

Plaintiffs have failed to satisfy their burden on their state wage notice and pay stub

claims, as outlined in detail above.  Therefore, Plaintiffs are not entitled to liquidated damages

---

[30] A true and correct copy of this decision is attached to the Benson Decl. as Ex. F.  While the opinion does provide that any allowance claimed "must be recorded on a weekly basis as a separate line item in the wage record," the employees at issue in this decision were subject to the Minimum Wage Order for Miscellaneous Industries and Occupations, which specifically requires in the plain language of the regulation that "the allowance claimed by the employer is recorded on a weekly basis as a separate item in the wage record."  12 N.Y.C.R.R. § 142-2.5(b)(iii).

pursuant to NYLL § 198 or prejudgment interest pursuant to N.Y.C.P.L.R. § 5001.  Even if this Court were to find that Defendants were liable for underpayment of wages, Plaintiffs would not be entitled to 100 percent liquidated damages for the entire statute of limitations period.  NYLL § 198 has only provided for 25 percent liquidated damages prior to April 9, 2011.  *See* N.Y. Lab. L. § 198(1-a) (2009).  It was not until April 9, 2011 that the law was amended again to raise the amount of liquidated damages recoverable from 25 percent to 100 percent.  *See* N.Y. Lab. L. § 198(1-a) (2010).  This amendment is not retroactive.  *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143-44 (2d Cir. 2013).

Plaintiffs bear the burden of proving willfulness to recover 25 percent liquidated damages for violations that accrued prior to November 24, 2009.  *See* N.Y. Lab. L. § 198(1-a) (2008).  To meet that burden, a plaintiff must offer evidence that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act."  *Hart v. Rick's Cabaret Int'l, Inc.*, 2013 U.S. Dist. LEXIS 129130, at *90 (S.D.N.Y. Sept. 10, 2013) (internal citations omitted).  "'Mere negligence' or unreasonableness on the part of the employer is insufficient."  *Id.*  (citing *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009)); *see also McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, at *18 (S.D.N.Y. Apr. 19, 2012) ("An employer may act unreasonably and yet not recklessly.")).  "[P]laintiffs must prove more than that defendant 'should have known' it was violating the law.  'Should have known' implies a negligence or 'reasonable person' standard.  Reckless disregard, in contrast, involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation."  *Hart*, 2013 U.S. Dist. LEXIS 129130, at *91 (citing *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768, at *3 n.2 (S.D.N.Y. May 20, 2005)).  The standard for proving willfulness is high, and is not appropriate to determine at the summary judgment stage.

*Hart*, 2013 U.S. Dist. LEXIS 129130, at *91-92. Plaintiffs here assert that Defendants "deliberately ignored" counsel's advice, when there has been no testimony on what advice was given to Defendants, much less what advice was followed. (Def. Stmt. at ¶ 10). Therefore, Plaintiffs' conclusory assertion, alone, is insufficient to warrant a finding of willfulness at the summary judgment stage.

On November 24, 2009, New York adopted the "good faith affirmative defense" to liquidated damages. *See* NYLL§ 198(1-a) (2009). "To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the [law] and then act to comply with them.'" *Hart*, 2013 U.S. Dist. LEXIS 129130, at *93 (citations omitted). The Commissioner of Labor has acknowledged that "excessive complexity of regulations, opacity of departmental policy and reliance on case law, [and] inconsistent application" are problems that have been "repeatedly" identified in reference to the Wage Orders applicable to the hospitality industry.[31] By way of example, with respect to Plaintiffs' wage notice claim, the Hospitality Industry Wage Order, effective January 1, 2011, provides for different notice requirements than NYLL § 195(1), which was enacted just four months later by the legislature. In fact, the Department of Labor has issued one form to comply with the statute, and another to comply with the regulation, but has yet to issue a form that independently complies with both. Employers are left to guess which rules they should follow.

Not even Plaintiffs allege that Defendants took no steps to comply with the law. It is undisputed that Defendants have provided pay stubs and wage notices throughout the relevant time period and that Plaintiffs were always paid in accordance with NYLL § 652(4). (Def. Stmt. at ¶ 19, 24, 35, 37, 38, 40.). Plaintiffs are relying on what they allege is a technical omission from the pay stub and the wage notice, however, all of the information that they needed to

---

[31] *See* Proposed Rule Notice dated October 20, 2010, at 3, attached to the Benson Decl. as Ex. G).

determine whether they were paid all wages they were owed at the appropriate rate was provided to them. (Def. Stmt. at ¶ 24.). This is not a case where an employer is flagrantly disregarding the labor law and failing to pay its employees in accordance with it. Defendants have established their good faith, and as such, liquidated damages should not be assessed against them. Based on the foregoing, Plaintiffs' request for liquidated damages and prejudgment interest should be denied.

## CONCLUSION

The granting of Plaintiffs' motion for summary judgment motion would result in a windfall to the Plaintiffs and their attorneys, in the absence of any injury to a single Plaintiff. New York's Labor Law and its accompanying regulations were not intended to provide such a penalty. Defendants have provided wage notices and pay stubs to their employees informing them of all components of their wages during the relevant time period, and have paid their employees all wages due pursuant to NYLL § 652. Therefore, Defendants respectfully request that this Court grant Defendants' cross-motion for partial summary judgment and deny Plaintiffs' motion for partial summary judgment.

Date:  March 13, 2014
       New York, New York

_____
Craig R. Benson, Esq.
Elena Paraskevas-Thadani, Esq.
Erin W. Smith, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022
(212) 583-9600
cbenson@littler.com
ethadani@littler.com
ewsmith@littler.com

*Attorneys for Defendants*

125519329