**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**ASHLEY HICKS** *et al.,*

*Plaintiffs,*

v.

**T.L. CANNON CORP.** *et al.,*

*Defendants.*

**AFFIRMATION OF**
**JARED K. COOK**

**Civil Action**
**No. 13-cv-6455 (EAW)**

I, **Jared K. Cook,** under penalty of perjury do hereby depose and voluntarily state:

1.      I am an associate with the law firm Thomas & Solomon LLP which represents the plaintiffs in the above-captioned action. I am fully familiar with the facts and circumstances surrounding this matter and I submit this affirmation in support of plaintiffs' Reply in Further Support of their Motion for Summary Judgment and Memorandum in Opposition to the Defendants' Cross-Motion for Summary Judgment.

*Exhibits*

2.      Attached as **Exhibit A** is a true and correct copy of the Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act) (Sept. 18, 2009).

3.      Attached as **Exhibit B** is a true and correct copy of the Order of Commissioner of Labor M. Patricia Smith on the Report and Recommendation of the 2009 Wage Board (November 5, 2009), retrieved from the New York State Department of Labor's website.

4.      Attached as **Exhibit C** is a true and correct copy of a Sample Pay Stub published by the New York State Department of Labor to instruct employers to "list" all "credits and allowances" on the pay stub in order to comply with the pay stub regulations, retrieved from the New York State Department of Labor's website.

5. Attached as **Exhibit D** is a true and correct copy of an article entitled "New York Hospitality Orders Revised, dated December 17, 2010, published on defendants' counsel's website, advising their clients on the 2011 Hospitality Wage Order regulations, retrieved from defendants' counsel's website.

6. Attached as **Exhibit E** is a true and correct copy of an article entitled "Here's a Tip: New York is Overhauling the Restaurant and Hotel Industry Wage Orders," dated March 2010, advising their clients on the 2011 Hospitality Wage Order regulations, retrieved from defendants' counsel's website.

7. Attached as **Exhibit F** is a true and correct copy of the Affirmation of Christopher R. Hazenbush, sworn to April 3, 2014.

8. Attached as **Exhibit G**, is a true and correct copy of the New York State Department of Labor's Summary Regulatory Impact Statement on the 2011 Hospitality Wage Order regulations, retrieved from the New York State Department of Labor's website.

***Plaintiffs' Rule 56(d) Affirmation Regarding Defendants' Cross-Motion for Summary Judgment.***

9. Pursuant to the parties' stipulation, the parties completed limited discovery in this case only with respect to certification of plaintiffs' New York Labor Law claims under Rule 23. *See* Doc. No. 132, ¶¶ 3, 4. The parties have not yet begun discovery on the merits of plaintiffs claims.

10. As explained in plaintiffs' summary judgment papers, plaintiffs believe that the record is sufficient to find that the defendants did not comply with their obligations under the applicable regulations, and are therefore liable for their failure to pay the minimum wage, without completing further discovery, on the theories explained in plaintiffs' summary judgment papers.

11.     Plaintiffs believe that the factual assertions that the defendants set forth in the parties' stipulation, *see* Doc. No. 182, will not be borne out by discovery, and do not stipulate to those facts, other than to stipulate that they will not contest those factual assertions for purposes of plaintiffs' motion for summary judgment and plaintiffs' motion for class certification, *see id.*, at 1-2.

12.     Plaintiffs do, however, contest these factual assertions for purposes of the defendants' cross-motion for summary judgment. Plaintiffs also contest, for purposes of the defendants' cross-motion, a number of the facts asserted in defendants' statement of facts.

13.     In addition, pursuant to Rule 56(d), plaintiffs do not agree with the defendants' factual assertions, but given that discovery on the merits of plaintiffs' claims has not yet taken place, plaintiffs cannot yet present facts essential to plaintiffs' opposition of such assertions. For example, as explained in plaintiffs' opposing statement of facts, plaintiffs need discovery in order to oppose the factual assertions in defendants' paragraphs 20, 21, 22, 25, 32, 35, 36, 37, 38, 39, 40, and 41.

14.     Plaintiffs also contend that these factual assertions are irrelevant and are not material to plaintiffs' claims or to any viable defense. Nevertheless, plaintiffs expect discovery to reveal that such assertions are not true,

15.     As discovery on the merits of plaintiffs' claims has not yet taken place, plaintiffs have not yet been able to attempt to obtain facts to oppose those factual assertions.

16.     Therefore, to the extent that the Court does not view the above factual assertions as immaterial, plaintiffs respectfully submit that summary judgment cannot be granted based on those factual assertions before plaintiffs have been permitted to take discovery on those issues, and to the extent that the Court does not grant plaintiffs' motion

for summary judgment, and does not deny the defendants' cross-motion on the merits, plaintiffs respectfully ask that the court deny the defendants' motion pending discovery on those disputed issues, pursuant to Rule 56(d).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2014

/s/ Jared K. Cook

**Jared K. Cook**