UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHLEY HICKS and KRISTIN RAYMOND, on behalf of themselves and all other employees similarly situated,<br><br>                Plaintiffs,<br><br>                -against-<br><br>T.L. CANNON CORP., d/b/a APPLEBEE'S or APPLEBEE'S NEIGHBORHOOD BAR AND GRILL; T.L. CANNON MANAGEMENT CORP.; TLC WEST, LLC; TLC CENTRAL, LLC; TLC UTICA, LLC; TLC NORTH, LLC; DAVID A. STEIN, individually and as Owner and Chairman of T.L. Cannon Corp. and as Director and Chairman of T.L. Cannon Management Corp.; MATTHEW J. FAIRBAIRN, individually and as Owner and President of T.L. Cannon Corp. and as Director and Chief Executive Officer of T.L. Cannon Management Corp.; and JOHN PERRY, individually and as Vice-President and Director of Operations of T.L. Cannon Corp. and as President of T.L. Cannon Management Corp.,<br><br>                Defendants. | Civil Action No. 13-CV-6455 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
(212) 583-9600

Craig R. Benson, Esq.
Elena Paraskevas-Thadani, Esq.
Erin W. Smith, Esq.

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    THE FLSA OPT-IN PLAINTIFFS ARE NOT PARTIES TO THE NYLL CLAIMS ................................................................................................................ 2

    II.    PLAINTIFFS WERE NEVER ENTITLED TO WRITTEN WAGE NOTICE ................................................................................................................... 3

    III.    PLAINTIFFS' PAY STUB CLAIM FAILS AS A MATTER OF LAW .............. 6

        A.    There Is No "Tip Allowance" Or "Tip Credit" For Food Service Workers ........................................................................................................... 7

        B.    Defendants' Pay Stub Provides Employees Notice Of Any Alleged "Credit" Or "Allowance" ................................................................................ 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ansounmana v. Gristede's Operating Corp.*,
  201 F.R.D. 81 (S.D.N.Y. 2001) .................................................................................3

*Blum v. Yaretsky*,
  457 U.S. 991 (1982) ....................................................................................................4

*Cao v. Wu Liang Lexington Rest.*,
  2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ...........................................................7

*Fengler v. Crouse Health System, Inc.*,
  634 F. Supp. 2d 257 (N.D.N.Y. 2009) .......................................................................2

*Hernandez v. BCI Coca-Cola Bottling Co.*,
  2012 U.S. Dist. LEXIS 55301 (C.D. Cal. Apr. 12, 2012) .....................................5, 9

*In Re Literary Works In Elec. Databases Copyright Litig. v. Thomson Corp.*,
  654 F.3d 242 (2d Cir. 2011) .......................................................................................4

*Lewis v. Casey*,
  518 U.S. 343 (1996) ....................................................................................................4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................................4

*Pricket v. Dekalb County*,
  349 F. 3d 1294 (11th Cir. 2003) ................................................................................2

*Ruggles v. Wellpoint*, Inc.,
  272 F.R.D. 320 (N.D.N.Y. 2011) ..............................................................................4

*Simon v. E. Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) ......................................................................................................4

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
  549 F.3d 100 (2d. Cir. 2008) ......................................................................................4

**STATUTES**

Fair Labor Standards Act ("FLSA") .............................................................................2, 3

New York Labor Law § 652(4) ..........................................................................2, 5, 7, 8

## TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

**OTHER AUTHORITIES**

12 N.Y.C.R.R. § 137-1.5 (effective July 24, 2009) .................................................................8

12 N.Y.C.R.R. § 146-1.3 (effective Jan. 1, 2011) ..............................................................3, 4, 5

12 N.Y.C.R.R. § 146-1.3(b) ........................................................................................................8

12 N.Y.C.R.R. § 146-2.2 (effective Jan. 1, 2011) ..............................................................3, 4, 5

## **PRELIMINARY STATEMENT**

Former tipped food service workers Ashley Hicks and Kristin Raymond (collectively "Plaintiffs") claim that it is irrelevant that they were not harmed in any manner whatsoever and that it doesn't matter:

- that they were aware that they were being paid the food service worker minimum wage;

- that they received tips, which when added to their cash wages, equaled or exceeded the standard minimum wage;

- that they received tip makeup pay, in the rare circumstances when they did not earn enough tips to equal or exceed the standard minimum wage;

- that they received pay stubs with every payment of wages identifying the food service worker minimum wage rate and the amount of tips received;

- that they received notice of their rates of pay and their rights by multiple means, including detailed pay stubs and prominently displayed minimum wage posters; and

- that they received everything they needed to understand exactly how much they were making and why, and were not confused by Defendants' pay stubs or wage notices.[1]

(Def. Stmt. ¶¶15, 17, 18, 19, 24). Plaintiffs sue for substantial damages, regardless of these facts, claiming Defendants' pay stubs and wage notices were deficient because they did not list the wage rate as a mathematical formula ($7.25 - $2.25 = $5.00 per hour),[2] and instead, listed the wage rate as "regular tipped $5.00 per hour." Plaintiffs also sue for damages, claiming Defendants' wage notice was deficient because it failed to spell out Defendants' tip makeup pay policy for a six month period, even though Defendants always paid Plaintiffs tip makeup pay if

---

[1] Plaintiffs argue at length that the Stipulation entered into by the parties (*see* Dkt. 176-5) is only applicable to their motions, and not to Defendants' cross-motion. Plaintiffs further claim that in the event this Court agrees with Defendants that these stipulated facts are relevant to both motions, that Plaintiffs are entitled to additional discovery to oppose Defendants' motion, but Defendants are not similarly entitled to additional discovery. Plaintiffs cannot argue that these issues are ripe for summary judgment and that no discovery is needed in support of their motion, but then argue that the same is not true in opposition to Defendants' cross-motion. In fact, if Plaintiffs need additional, individualized discovery to oppose Defendants' cross-motion, this provides yet another basis to deny Plaintiffs' motion for class certification of these claims.

[2] This calculation provides an example using the minimum wage rates in effect from January 1, 2011 to December 30, 2013.

they earned insufficient tips.[3] In summary, Plaintiffs sue for damages of up to $2.25 per hour for each hour that they worked, including liquidated damages, for alleged ministerial paperwork violations, alone. Plaintiffs also attempt to assert state law claims on behalf of seven individuals who opted in to the Fair Labor Standards Act ("FLSA") claims in this case ("FLSA opt-in plaintiffs"), who are not parties to the state law claims.

Plaintiffs' claims fail, and Defendants' cross-motion for summary judgment should be granted because: (1) the seven FLSA opt-in plaintiffs are not parties to the state law claims; (2) Plaintiffs were never entitled to written wage notice; and (3) there is no "tip credit" or "tip allowance" from the food service worker minimum wage provided for in New York Labor Law ("NYLL") § 652(4), but even if there were, Defendants' pay stubs provided Plaintiffs with sufficient notice of any alleged "credit" or "allowance." Therefore, Plaintiffs' form over substance pay stub and wage notice claims, and any claims asserted on behalf of the FLSA opt-in plaintiffs, should be dismissed as a matter of law.

## ARGUMENT

### I. THE FLSA OPT-IN PLAINTIFFS ARE NOT PARTIES TO THE NYLL CLAIMS

The FLSA opt-in plaintiffs are not parties to the pay stub and wage notice claims brought by Plaintiffs pursuant to the NYLL. Plaintiffs fail to cite any case law to the contrary. The cases cited by Plaintiffs stand for two inconsequential propositions: (1) that an FLSA opt-in is a party plaintiff to all *FLSA claims* in an action; and (2) that the District Court can exercise supplemental jurisdiction over state law claims in connection with similar claims brought pursuant to the FLSA. *See Fengler v. Crouse Health System, Inc.*, 634 F. Supp. 2d 257, (N.D.N.Y. 2009) (holding that an opt-in plaintiff is a party to all FLSA claims in an action); *Pricket v. Dekalb County*, 349 F. 3d 1294, (11th Cir. 2003) (holding that an opt-in plaintiff is a party to all FLSA

---

[3] *See* Dkt. No. 176-10 at 15. While Plaintiffs claim that this form was never signed by Plaintiffs, and can't be relied on, this is not the case, as neither Plaintiff was entitled to receive this notice.

claims in an action); *Ansounmana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 94 (S.D.N.Y. 2001) (holding that the district court had jurisdiction to hear the state law claims because opt-in plaintiffs have the same rights as named plaintiffs to have their related claims adjudicated in the same forum.). Defendants do not dispute either proposition; however, the holdings in these cases have nothing to do with proposition for which they were cited, and do not establish that the FLSA opt-in plaintiffs are parties to the state law claims in this case. They are completely irrelevant.

Also unavailing in this respect, is any argument concerning discovery. While the parties agreed to exchange discovery with respect to these individuals as part of a discovery control group, this agreement does not elevate these putative plaintiffs to named plaintiffs for purposes of the state law claims. The FLSA opt-in plaintiffs did not join the suit as parties to the NYLL claims - their consent forms were limited to the FLSA claims.[4] It is that simple. The deadline to join additional parties has passed. Therefore, any claims asserted on behalf of the FLSA opt-in plaintiffs should be dismissed as a matter of law.

## II.    PLAINTIFFS WERE NEVER ENTITLED TO WRITTEN WAGE NOTICE

Plaintiffs concede the regulations do not contain a requirement for written wage notice until January 1, 2011. As of January 1, 2011, the regulations required only that an employer give notice to tipped employees, as required by § 146-2.2. 12 N.Y.C.R.R. § 146-1.3; 2.2 (effective Jan. 1, 2011). Section 146-2.2 only requires notice in two circumstances: "[p]rior to the start of employment" and "prior to any change in the employee's hourly rates of pay." *See* 12 N.Y.C.R.R. § 146-2.2 (effective Jan. 1, 2011).[5]

---

[4] Nor could they, as there is no procedural mechanism available under Rule 23 for a putative plaintiff to "opt-in" to state law claims.
[5] While § 146-2.2 also provides an "example" notice, this specific form of notice is not the only form of acceptable notice and is certainly not required for compliance. *Id.* Any information listed in this example notice that is not directly required by the regulation is not mandated and is also unnecessary for compliance.

Plaintiffs' wage notice claim fails because they were never entitled to written wage notice, and have therefore suffered no injury. As such, they lack standing to bring their wage notice claim.[6] Hicks and Raymond both started employment long before January 1, 2011; in fact, Hicks was terminated before that time. (Def. Stmt. at ¶ 20.). Raymond was employed until December of 2011, but her pay rate did not change subsequent to the enactment of the Hospitality Industry Wage Order. The increase in the tip credit wage to $5.00 per hour occurred simultaneously with the enactment of the Hospitality Wage Order on January 1, 2011. Raymond was terminated prior to any subsequent increase in her wage rate. (Def. Stmt. at ¶ 21.).

Plaintiffs make two arguments in an attempt to state a wage notice claim: (1) that § 146-1.3 requires that notice be given to all tipped employees as of January 1, 2011; and (2) if the first argument is rejected, that employers can only pay the food service worker minimum wage to those employees hired after January 1, 2011 or whose pay rate changed after January 1, 2011, and who were provided a wage notice. (*See* Dkt. 191 at 23-24). Both arguments are unavailing.

Plaintiffs' first argument is foreclosed by the plain language of the regulation. Section 146-1.3 only requires notice to be given "as required in Section 146-2.2." Section 146-2.2 only requires notice to be given in two circumstances: "[p]rior to the start of employment" and "prior

---

[6] *See In Re Literary Works In Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 249 (2d Cir. 2011) (A named plaintiff must possess the same interest and have suffered the same injuries as the class he or she purports to represent.); *Ruggles v. Wellpoint*, Inc., 272 F.R.D. 320, 333 (N.D.N.Y. 2011) ("class representative must be part of the 'class' that she purports to represent."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ("Under well settled Supreme Court precedent, in order to demonstrate standing, a plaintiff must show three elements: (1) an injury in fact (2) that is fairly traceable to the defendant's allegedly unlawful conduct, and (3) that is likely to be "redressed by a favorable decision."); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d. Cir. 2008), *cert. denied*, 2009 U.S. LEXIS 3055 (U.S., Apr. 20, 2009) (A plaintiff can demonstrate that there is an actual case or controversy that he or she possesses the requisite "personal stake" in resolving only if that plaintiff can meet the three standing requirements.); *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (The standing requirements are "no less true with respect to class actions than with respect to other suits."); *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("It is not enough that the conduct of which the plaintiff complains will injure someone. The complaining party must also show that he is within the class of persons who will be concretely affected."); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (explaining that "even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"). For the same reason, Plaintiffs lack standing to bring their wage notice claim on behalf of the putative class because they were never entitled to a written wage notice. *See* Dkt. 177, Point II.A.

to any change in the employee's hourly rates of pay." *See* 12 N.Y.C.R.R. § 146-2.2 (effective Jan. 1, 2011). There is no additional requirement to provide all employees notice that can be inferred from the plain language of these two regulations.

Plaintiffs' second argument simply makes no sense. Plaintiffs claim that if their first argument is rejected by this Court, and the plain language of § 146-1.3 governs, then employers can only pay the food service worker minimum wage to those employees who received notice under the new regulations (employees hired after January 1, 2011 and employees whose pay rate changed after January 1, 2011). In summary, Plaintiffs argue that on January 1, 2011, the Department of Labor eliminated an employer's right to pay currently employed food service workers the lower, statutory minimum wage pursuant to NYLL § 652(4). This argument finds not support anywhere and must be rejected out of hand.

Plaintiffs further argue that the regulations required that named Plaintiff Raymond was to be provided with a wage notice on the first effective day of the regulation, January 1, 2011, because her pay rate increased on that date. However, § 146-2.2, by its plain terms, only requires notice "***prior to***" a change in pay rate. 12 N.Y.C.R.R. § 146-2.2 (eff. Jan. 1, 2011). There was no time, nor any requirement, to satisfy this obligation "prior to" January 1, 2011. It is thus clear that the applicable time period covered by the regulations began after January 1, 2011. Because neither Plaintiff received an increase in pay rate after that date, and no notice was required prior to that date, the requirement was not triggered and Plaintiffs have no right to any notice.[7]

---

[7] Notwithstanding the above, Defendants provided Plaintiff Raymond with a Pay Rate Notice on January 1, 2011, which indicated that she was being paid $5.00 per hour, the statutory rate for a food service worker. There was no need to list a "tip credit" or "tip allowance" on this notice, as none was taken.[7] Plaintiffs allege that this notice should have listed the wage rate as $7.25 - $2.25 = $5.00 per hour. Even if Plaintiffs were correct, the difference between listing "$5.00" per hour and "$7.25 - $2.25 = $5.00 per hour" does not entitle Plaintiffs to damages where simple math provides any "allowance" or "credit" that Plaintiffs allege is taken from the standard minimum wage. *See Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 U.S. Dist. LEXIS 55301, at *20-22 (C.D. Cal. Apr. 12, 2012) (defendant's wage statements were in substantial compliance and performing simple math to get the required information is not a compensable injury) (*aff'd Hernandez v. BCI Coca-Cola Bottling Co.*, 2014 U.S. App. LEXIS 2916 (9th Cir. Cal. Feb. 18, 2014). While Plaintiffs also argue that this notice was not compliant because it failed to

## III. PLAINTIFFS' PAY STUB CLAIM FAILS AS A MATTER OF LAW

Plaintiffs rely on the regulations contained in the wage orders for the hospitality industry in support of their pay stub claim, which provide:

> Every employer covered by this Part shall furnish to each employee a statement with every payment of wages listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. 12 N.Y.C.R.R. § 137-2.2 (until Jan. 1, 2011).

> Every employer shall provide to each employee a statement, commonly referred to as a pay stub, with every payment of wages. The pay stub must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages. 12 N.Y.C.R.R. § 146-2.3 (until Jan. 1, 2011).

Defendants did just that. The following is an excerpt from one of Raymond's pay stubs:

| FOLD AND REMOVE | | | | | | FOLD AND REMOVE | |
|---|---|---|---|---|---|---|---|
| **PERSONAL AND CHECK INFORMATION** | **EARNINGS** | | | | | | |
| KRISTIN L. RAYMOND | | DESCRIPTION | HRS/ UNITS | RATE | CURRENT ($) | YTD HRS/ UNITS | YTD ($) |
| 161 MERCER AVE | | | | | | | |
| ROCHESTER, NY 14606 | | TIPS IN | | | 235.00 | | 9022.50 |
| Soc Sec #: XXX-XX-XXXX  Employee ID: 310522 | | REG-TIPPED | 24.94 | 5.0000 | 124.70 | 1000.29 | 4991.65 |
| Hire Date: 02/25/02 | | HOURS WORKED | | | | | |
| Status: | | ADJ EARNINGS | | | 359.70 | | 14014.15 |
| Filing Status: | | GROSS EARNINGS | 24.94 | | 359.70 | 1000.29 | 14014.15 |
| Federal: Single, 0 | | | | | | | |
| State: NY, Single, 0 | | | | | | | |
| Div/Br/Dept: WEST/31/2 | **DEDUCTIONS** | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| Pay Period: 09/12/11 to 09/18/11 | | 1134 - NEW YORK | | | 8.18 | | 332.03 |
| Check Date: 09/23/11   Check #: 715613 | | TIPS OUT | | | 235.00 | | 9022.50 |
| **NET PAY ALLOCATIONS** | | | | | | | |
| DESCRIPTION   CURRENT ($)   YTD ($) | | TOTAL | | | 243.18 | | 9354.53 |
| Check Amount   46.38   1881.37 | **WITHHOLDINGS** | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| Net Pay   46.38   1881.37 | | FEDERAL W/H | | | 39.72 | | 1569.39 |
| | | OASDI | | | 15.11 | | 588.60 |
| | | MEDICARE | | | 5.22 | | 203.24 |
| | | STATE W/H NY | | | 9.49 | | 394.60 |
| | | STATE SDI NY | | | 0.60 | | 22.42 |
| | | TOTAL | | | 70.14 | | 2778.25 |

(Dkt. 176-9 at 12). Raymond worked as a food service worker for 24.94 hours during the applicable pay period, at $5.00 per hour, which represents the food service worker minimum wage. Defendants' pay stubs, as evidenced above, include the hours worked, rates paid

---

explain Defendants' tip makeup policy, Raymond could not have suffered damage as a result of this alleged failure, as she always earned sufficient tips during this time period. Raymond also suffered no damage as a result of the incorrect overtime rate listed on this notice. Raymond did not work any overtime from the date this notice was issued until she was terminated (*see* Dkt. 176-8 at 25-32.), and even if she did, Defendants pay all of their tipped employees the appropriate overtime rate ($8.625 per hour during the relevant time period). (*See* Dkt. 176-10 at 3.).

(including "reg-tipped"), the amount of tips earned,[8] gross wages, and net wages, in compliance with the regulations. Notably, in this pay period, Raymond earned $235.00 in tips, making her wage $14.42 per hour – nearly twice the standard minimum wage.

Plaintiffs claim Defendants failed to list the "allowances taken" on the pay stub. Specifically, Plaintiffs claim that instead of listing the food service worker minimum wage of $5.00 per hour for hours worked as a tipped food service worker, Defendants are required to list the wage as a mathematical formula $7.25 - $2.25 = $5.00. Plaintiffs claim that the failure to list this formula, alone, entitles them to damages of up to $2.25 per hour for every hour they worked, regardless of the tips they earned. Plaintiffs' claim fails for two reasons: (1) there is no "tip credit" or "tip allowance" taken from the food service worker minimum wage; and (2) even if there were, Defendants' pay stub provides employees notice of any such "credit" or "allowance."

A.   **There Is No "Tip Allowance" Or "Tip Credit" For Food Service Workers**

Plaintiffs fail to offer any meaningful support for their argument that there is a tip credit or tip allowance taken from the standard minimum wage rate for food service workers. Rather than setting out a credit or allowance that is subtracted from the otherwise applicable rate, the NYLL provides a separate, lower minimum wage for food service workers:

> The wage for an employee who is a food service worker receiving tips shall be a cash wage of at least ... four dollars and sixty cents ... provided that the tips of such an employee, when added to such cash wage, are equal to or exceed the minimum wage in effect pursuant to subdivision one of this section and provided further that no other cash wage is established pursuant to section six hundred fifty-three of this article.

N.Y. Lab. L. § 652 (4); *see also Cao v. Wu Liang Lexington Rest.*, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010) (citing N.Y. Lab. L. § 652 (4)) ("the Labor Law allows employers to

---

[8] The total tips earned are also listed under deductions, as Raymond would have already received her tips earned at the end of each shift.

pay tipped workers in the food service industry a lower minimum wage.").[9] While Plaintiffs concede that the statute provides for a lower rate for food service workers, they argue that this somehow transforms into a "tip credit" or "tip allowance." (*See* Dkt. 191 at 11.). No such transformation is recognized in the law.

Plaintiffs attempt to find support for their attempted Houdini act, by citing to a heading in the regulations and the Commissioner of Labor's acceptance of a report and recommendation from the Wage Board, requiring employers to give employees notice of any "tip allowance," and disallowing such allowance if the notice is not given. (*Id.* at 12.). Not surprisingly, no such support is provided. A closer look reveals that the Commissioner of Labor stated in her charge to the Wage Board, contained in the same document cited by Plaintiffs, that there is a difference between "tipped employees whose employers receive a tip allowance, and ... employees subject to the ***lower statutory rate*** set by Labor Law Section 652(4)."[10] This is exactly the position that is being asserted herein by Defendants. Far from this document supporting the Plaintiffs, the opposite is true.

Finally, Plaintiffs rely on a sample pay stub, which was recently issued by the Department of Labor, in support of their claim that allowances must be listed. (*Id.* at 13.). Notably, this sample pay stub lists meal and lodging allowances, which Defendants did not take. In addition, this sample is not listed as the only form of a lawfully compliant notice and does not serve as valid proof that the food service worker minimum wage qualifies as some kind of "allowance" or "credit." As the Commissioner of Labor has confirmed, there is no "tip credit" or "tip allowance" from the food service worker minimum wage, and as such, Plaintiffs' pay stub

---

[9] The food service worker minimum wage was increased, effective July 24, 2009, to $4.65 per hour (12 N.Y.C.R.R. § 137-1.5) and on January 1, 2011, to $5.00 per hour. 12 N.Y.C.R.R. § 146-1.3(b).
[10] Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act), attached to the Declaration of Jared K. Cook at Exhibit A (Dkt. 191-2) at page 3 (quoting the Commissioner of Labor's Charge to the Wage Board) (emphasis added).

claim fails as a matter of law.

### B. Defendants' Pay Stub Provides Employees Notice Of Any Alleged "Credit" Or "Allowance"

Even if we ignore the plain language of the regulations and the clear statement by the Commissioner of Labor to the contrary, and assume that there was a "tip credit" or "tip allowance" for food service workers notwithstanding the already lowered statutory minimum wage, Defendants' pay stubs provide their employees of notice of any alleged "allowance" or "credit." Defendants have always listed the food service worker minimum wage on their pay stubs, denoted as "Reg-Tipped." Plaintiffs make the unsupported and inflammatory claim that Defendants chose to do this, as opposed to listing "$7.25 - $2.25 = $5.00," in an attempt to deceive their employees and deny them proper notice. This claim is nonsensical – Defendants have nothing to gain from this alleged deceit. Absolutely nothing is being hidden. This might be a different case if Defendants had listed the standard minimum wage on their pay stubs, concealing the fact that they paid food service workers the lower statutory wage. But Plaintiffs have not been deceived here. It is no secret that they are paid the food service worker minimum wage. They are told at orientation, it is listed on multiple posters, the rate is denoted on their pay stubs as "Reg-Tipped" and is also listed on their wage notices.

Even if Plaintiffs are correct, and there is a "tip credit" or "tip allowance" for food service workers, the difference between listing "$5.00" per hour and listing "$7.25 - $2.25 = $5.00" per hour does not entitle Plaintiffs to damages where simple math reveals any "allowance" or "credit" that Plaintiffs allege is taken from the standard minimum wage. *See Hernandez*, 2012 U.S. Dist. LEXIS 55301, at *20-22.

## CONCLUSION

This Court is not faced with issuing a decision that is in direct contravention of well-

established law. Unlike the cases cited by Plaintiffs, this is not a case where the Employer has committed multiple violations that have resulted in harm to the Plaintiffs and the putative class. Unlike those cases, this case presents an issue of first impression: is an employer liable for the difference between the standard minimum wage and the lower, statutory food service worker minimum wage, when their food service worker employees: (1) received pay stubs with every payment of wages, listing the food service worker minimum wage, which was denoted as "Reg-Tipped"; (2) received wage notices listing the food service worker minimum wage; (3) were aware that they were being paid the food service worker minimum wage, which was lower than the standard minimum wage because the tips they earned were taken into account; (4) received tips, which when added to their cash wages, equaled or exceeded the standard minimum wage; (5) received tip makeup pay, in the rare circumstances where they did not earn enough tips to equal or exceed the standard minimum wage; (6) were advised of their rights and rates of pay by multiple means, including prominently displayed minimum wage posters and paystubs; and (7) were not confused by Defendants' pay stubs or wage notices (oral and written) and knew the amounts they were being paid? Defendants respectfully submit that the answer to this question must be no.

Date:  April 17, 2014
       New York, New York

/s/Craig R. Benson
Craig R. Benson, Esq.
Elena Paraskevas-Thadani, Esq.
Erin W. Smith, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
(212) 583-9600
cbenson@littler.com
ethadani@littler.com
ewsmith@littler.com

*Attorneys for Defendants*

126305532.4

-10-