

June 1, 2016

VIA ECF AND U.S. MAIL

Honorable Elizabeth A. Wolford
United States District Court
Western District of New York
100 State Street
Rochester, New York 14612

Re: Hicks, et al. v. T.L. Cannon Management Corp., et al.
Civil Action No. 13-cv-6455

Dear Judge Wolford:

We write jointly on behalf of all counsel, and at Judge Payson's recommendation, to provide the Court with a status report and request clarification regarding one issue that was raised at a conference held April 27, 2016 with Judge Payson.

As the Court will recall, plaintiffs have asserted four sets of claims in this case: (1) the "pay statement" claims, (2) the "wage notice" claims, (3) the "unrelated work" claims, and (4) the "20% claims." Discovery is now pending on the first two (the "pending claims") and has been stayed on the latter two claims (the "stayed claims") pending a decision on the pending claims.

The Court granted plaintiffs' motion for class certification on August 5, 2014. *See* Doc. No. 205. Following that decision, the parties met with Judge Payson and agreed to a discovery plan that contemplated the parties completing discovery solely on the pending claims and filing dispositive motions as to liability and damages on those claims at the close of that discovery. *See* Doc. No. 225, ¶ 1. The discovery plan anticipated that the parties would report back to the Court after those motions were decided to determine what discovery, if any, would still be necessary. *See id.*, ¶ 4. Consistent with that plan, the parties later agreed to formally stay all discovery on plaintiffs' other claims, the stayed claims, pending a resolution on the merits of the pending claims. *See* Doc. No. 241. The parties also stipulated to certain facts for the sole purpose of the contemplated dispositive motions (the "stipulated facts"), which eliminated the need for defendants to take discovery of the named plaintiffs, opt-in plaintiffs or putative class members prior to filing dispositive motions on the pending claims. *See* Doc. No. 249.

The parties agreed to proceed in this manner because discovery on both the stayed claims, and the issues covered by the stipulated facts, would have been extensive. Therefore, the parties agreed that it would initially be more efficient for all parties to complete limited discovery for the purpose of filing dispositive motions.

Honorable Elizabeth A. Wolford
June 1, 2016
Page 2

After the parties agreed to this discovery plan, the defendants moved for reconsideration of the Court's order granting summary judgment on the wage notice claim, and granting class certification, and the class moved for summary judgment as to the pay statement claim. The Court denied both motions. The Court also directed the parties not to file any further dispositive motions before the completion of fact discovery, without obtaining leave of the Court. *See* Doc. No. 231 at 4.

At the conference on April 27, 2016, the defendants raised the concern that the Court's direction to not file piecemeal motions could be interpreted to overrule the parties' agreed discovery plan to complete discovery for the purpose of filing dispositive motions on the pending claims, and to ideally obtain a resolution of the pending claims on the merits, before conducting discovery on the stayed claims. Defendants also raised the concern that the Court's directive that no dispositive motions may be filed until *all* fact discovery is complete could be interpreted to require defendants to conduct classwide discovery on the issues covered by the stipulated facts prior to filing dispositive motions on the pending claims, thereby defeating the purpose of the stipulation. We are not sure that the Court intended that result.

Should the parties' agreement to file dispositive motions on the pending claims before completing all discovery on the stayed claims or issues covered by the stipulated facts meet with the Court's approval, that agreement is reflected in the attached stipulated order.

Thank you for your courtesies in this matter.

Respectfully submitted,

J. Nelson Thomas

cc:   Hon. Marian W. Payson, United States Magistrate Judge
      Craig Benson, Esq. (via e-mail only)
      Jessica Pizzutelli, Esq. (via e-mail only)